ILLINOIS ARMORED CAR CORPORATION, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (John Spizzinoco, Appellee).

First District (Industrial Commission Division) No. 1—89—3375WC

Opinion filed November 2, 1990.

Law Offices of Jobin & Flynn, of Chicago, for appellant.

Law Offices of Cohn, Lambert, Ryan, Schneider & Harman, Ltd., of Chicago (David M. Barish, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Claimant, John Spizzinoco sought workers' compensation benefits for injuries sustained while working for Illinois Armored Car Corporation. The arbitrator awarded him $341.19 per week for 26²/₇ weeks as temporary total disability. The arbitrator also awarded $97.52 per week as a wage differential, which represents two-thirds of the difference between the average amount he would have earned if engaged in his former occupation and the average amount earned in the job he is capable of performing after the accident. The Industrial Commission (Commission) affirmed the arbitrator's decision on February 23, 1989.

The employer appealed to the circuit court of Cook County. On March 20, 1989, the employer filed a request for the issuance of summons, a petition to commence proceeding to review order of the Commission and the certificate of mailing. On the same day, the employer's attorney executed a bond as its principal. A representative of the employer's insurance company signed the bond as surety. On April 19, 1989, claimant filed a special and limited appearance and a motion to quash the summons, contending that the bond was defective because it was executed by the attorney as principal, rather than by an agent of the employer. On May 3, 1989, the employer filed the affidavit of Christopher Alexander, its president, which stated that the attorney was authorized to execute the bond as principal on behalf of the respondent on March 20, 1989.

The trial court denied claimant's motion to quash summons and motion to dismiss for want of subject matter jurisdiction. The court, however, ultimately confirmed the Commission's decision that the claimant's condition was causally related to his October 24, 1985, work injury and that he was entitled to both the temporary total disability benefits and the wage differential.

The employer now appeals, contending that the Commission's decision as to the wage differential was against the manifest weight of the evidence. Specifically, it argues that the Commission erred in finding that claimant was unable to perform his previous job and that his earning capacity was diminished. Further, it maintains that the bond executed by its attorney was proper and complied with section 19(f)(2) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f)(2)) and thus the trial court properly found that subject-matter jurisdiction existed.

The claimant-appellee argues that the trial court lacked jurisdiction because the bond filed by the employer was defective. Because we believe that the jurisdictional issue disposes of the appeal, it is not necessary to review the evidence relating to the claimant's injury.

■ Section 19(f) of the Act sets forth the requirements for the filing of an appeal from the Commission to the circuit court. Section 19(f)(2) provides in pertinent part: "No such summons shall issue unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his written request for such summons file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the review, he will pay the award and the costs of the proceedings in the courts." Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f)(2).

■ In this case, the Commission issued a written decision awarding benefits on February 23, 1989. The employer timely petitioned for review in the circuit court. It also timely filed a bond. However, the bond was not executed by "the one against whom the award was made," as the statute requires. Rather, the employer's attorney executed the bond. Further there was no indication that the attorney had authority to sign the bond until after the statutory period had expired. As such, no subject-matter jurisdiction existed for the appeal, and the trial court improperly denied the claimant's motion to quash summons.

■ The circuit court exercises special statutory jurisdiction when it hears cases on *certiorari* to the Industrial Commission. (*Perusky v. Industrial Comm'n* (1978), 72 Ill. 2d 299, 381 N.E.2d 270; *Peter H. Clark Lodge No. 483 v. Industrial Comm'n* (1971), 48 Ill. 2d 64, 268 N.E.2d 382; *Malone v. Industrial Comm'n* (1986), 141 Ill. App. 3d 116, 489 N.E.2d 1167.) Therefore, statutory requirements for the circuit court's jurisdiction to review Commission cases require strict compliance. (*Daugherty v. Industrial Comm'n* (1983), 99 Ill. 2d 1, 457 N.E.2d 381; *Arrington v. Industrial Comm'n* (1983), 96 Ill. 2d 505, 451 N.E.2d 866.) In the absence of proof in the record, jurisdiction

does not exist. *Wabash Area Development, Inc. v. Industrial Comm'n* (1981), 88 Ill. 2d 392, 430 N.E.2d 1002.

The trial court relied on *Lee v. Industrial Comm'n* (1980), 82 Ill. 2d 496, 413 N.E.2d 425, to find that jurisdiction existed. In *Lee,* the Commission awarded benefits against the respondents, Eugene Lee and Jack Onofrey, who were partners doing business as LeJac's. When the respondents filed an appeal to the circuit court, one partner signed the bond as principal and the other signed as surety. The trial court granted claimant's motion to dismiss because the bond was not in proper form. The trial court subsequently refused to accept respondents' tender of a new bond which both partners executed as principals. On appeal, the supreme court reversed, finding that the trial court should have allowed the respondents' motion to vacate the order quashing the writ and should have determined the sufficiency of the subsequently tendered bond. The court focused on the fact that one of the two respondents did, in fact, execute the original bond. The court concluded that although the bond was irregular in form, the fact that at least one of the respondents signed the bond was sufficient to allow the trial court to find that jurisdiction was proper.

The *Lee* court's reasoning will not sustain a finding of jurisdiction in this case. Unlike the bond in *Lee,* the bond here was not executed by the employer against whom the award was made. Although the attorney was hired to represent the employer in this matter, the attorney cannot be considered "the one against whom the award was made" for purposes of this statute. The award was against the corporation, not the attorney. Further, no agent or officer of the corporation signed the bond. Thus, *Lee* is distinguishable.

The supreme court's decision in *Coultas v. Industrial Comm'n* (1964), 31 Ill. 2d 527, 202 N.E.2d 485, demonstrates the necessity for strict compliance with the section 19(f)(2) bond requirement to confer jurisdiction for review of Commission cases. In *Coultas,* the Commission awarded benefits to the claimant against L. Coultas doing business as Scott Grain and Land Company. Although the award was made against L. Coultas, the company executed the bond. The court stated: "L. Coultas was the person against whom the Commission entered the award for money and it is she who must file her bond at the time she requests judicial review before such review may be had." (*Coultas,* 31 Ill. 2d at 528, 202 N.E.2d at 486.) The supreme court thus concluded that the trial court lacked jurisdiction to hear the appeal.

The employer argues, however, that under basic agency law, its attorney was authorized to execute the bond on its behalf. Specifically,

the employer suggests two bases of authority: actual authority and ratified authority. Under either theory, however, the employer's argument fails.

■ Generally, the ordinary agency rules apply to the attorney-client relationship. (*Flight Kitchen, Inc. v. Chicago Seven-Up Bottling Co.* (1974), 22 Ill. App. 3d 558, 317 N.E.2d 663; *Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 458 N.E.2d 1120.) However, a court may not presume the agent's authority to bind the principal. (*Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 489 N.E.2d 311.) Instead, the person alleging authority must show the source of his authority unless the principal ratified the act. *Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 489 N.E.2d 311; *Mudd v. Goldblatt Brothers, Inc.* (1983), 118 Ill. App. 3d 431, 454 N.E.2d 754.

■ The employer contends that it ratified the attorney's authority by tendering its president's own affidavit. Where an act is performed by one person without authority for the benefit of another, or by an authorized agent in excess of his authority, the person for whose benefit the act was done may ratify the act. (*Copley v. Pekin Insurance Co.* (1985), 130 Ill. App. 3d 299, 474 N.E.2d 57, *rev'd on other grounds* (1986), 111 Ill. 2d 76, 488 N.E.2d 1004; *Effingham State Bank v. Blades* (1985), 139 Ill. App. 3d 259, 487 N.E.2d 431.) Ratification of an unauthorized act is the equivalent of an original authorization and confirms that which was originally unauthorized. *Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 489 N.E.2d 311; *Advance Mortgage Corp. v. Concordia Mutual Life Association* (1985), 135 Ill. App. 3d 477, 481 N.E.2d 1025.

■ However, even assuming that the sworn affidavit here ratified the attorney's unauthorized execution of the bond, the attorney's authority did not appear in the record within the statutory period. The failure to demonstrate this authority until after the statutory period expired does not meet the strict compliance standard required for circuit court review of Industrial Commission cases. *Arrington v. Industrial Comm'n* (1983), 96 Ill. 2d 505, 451 N.E.2d 866.

■ The employer also contends that the attorney possessed actual authority to execute the bond. Authority of an agent may be either actual or apparent; actual authority may be either express or implied. (*Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 489 N.E.2d 311.) The record shows no evidence that an agent of the employer expressly authorized the attorney to file the bond prior to the expiration of the statutory period.

■ Implied authority is defined as actual authority proved circumstantially and is implied from facts and circumstances. (*Mateyka*

*v. Schroeder* (1987), 152 Ill. App. 3d 854, 504 N.E.2d 1289.) Aside from the belated affidavit, there are no facts or circumstances in the record which demonstrate the attorney's authority to execute the bond. The employer hired the attorney to represent it in this worker's compensation case. As such, we may presume that she had the authority to take certain actions to defend the employer in this case. However, we cannot presume that the attorney had authority on March 20, 1989, to obligate her client to pay an $8,300 bond. (*Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 489 N.E.2d 311.) The only evidence in the record which even suggests the attorney's authority appears in the affidavit which was filed after the statutory period ended.

■■ ■ The scope of an agent's implied authority may be ascertained by determining what reasonably prudent persons, who are familiar with pertinent business practices, might rightfully believe the agent possesses based on the principal's conduct. (*Mateyka v. Schroeder* (1987), 152 Ill. App. 3d 854, 504 N.E.2d 1289.) It is unlikely that a reasonable person would assume that retaining an attorney to defend a corporation against a worker's compensation claim would necessarily give the attorney authority to obligate the corporation financially. Nor is this the customary practice. Decisions relating to a corporation's financial obligations are typically reserved for corporate officers and directors, not for attorneys representing the corporation. The purpose of an appeal bond is to protect the employee. (*Cooke v. Groveland Coal Mining Co.* (1934), 276 Ill. App. 521.) The bond here failed to protect the claimant in the same way as one executed by a corporate officer.

In our opinion, employer's bond does not substantially comply with the material provisions of section 19(f)(2). While we recognize the merits of honoring substance over form and simplifying appeal procedures, we believe that the substance of the statutory bond requirement was not fulfilled in this case.

■■ Although it is sometimes proper to correct a mistake on appeal, it is not proper to belatedly supply a jurisdiction element. (*Peasley v. Industrial Comm'n* (1990), 198 Ill. App. 3d 460, 555 N.E.2d 1172.) In *Beasley*, the claimant failed to exhibit a receipt showing payment to the clerk of the court within the statutory period, as required by section 19(f)(1). After the statutory period expired, claimant filed the requisite receipt. The court held that claimant could not attempt to cure a jurisdictional flaw after the statutory period expired, and, thus, no jurisdiction was conferred.

*Beasley* is apposite to the present case. Although a bond was filed

within the 20-day period, it was not executed by the party against whom the award was made, as the statute requires. Further, the attorney's authority to sign the bond was not apparent within the 20-day statutory period. As in *Beasley*, the defect in the jurisdictional requirement was not cured until after the statutory period had expired, when the employer's agent tendered an affidavit which ratified the attorney's execution. See *Sears, Roebuck & Co. v. Industrial Comm'n* (1971), 133 Ill. App. 2d 439, 273 N.E.2d 725 (employer filed for review after 20-day period had expired; later affidavit stating that counsel misplaced the Commission's decision cannot cure defect; no jurisdiction).

 Notwithstanding our holding that no jurisdiction existed for review of the Commission's original order, we should note that even if there were jurisdiction, the Commission's decision to award benefits was not against the manifest weight of the evidence. Thus, that decision would not be disturbed by this court. See *Odie v. Industrial Comm'n* (1982), 88 Ill. 2d 514, 431 N.E.2d 374.

The Commission found that claimant was entitled to a wage differential under section 8(d)(1) of the Act because he was no longer able to perform his usual employment and was now earning less money due to his work-related injury. The medical evidence on this issue was in dispute. Drs. Kale, Brash and Blas all opined that claimant was unable to perform his usual duties as coin roller and truck driver, while Dr. Shafer believed that claimant was fully capable of returning to his usual duties. It is, of course, for the Commission to decide which of the conflicting medical opinions is to be accepted, and we would not disturb that determination.

We hold that the trial court was without jurisdiction to hear the case on its merits since the employer against whom the award of money was made did not file its bond. The judgment of the circuit court of Cook County is reversed, with directions to quash the writ of *certiorari*.

Reversed and remanded, with directions.

BARRY, P.J., and WOODWARD, McCULLOUGH and LEWIS, JJ., concur.