(No. 72439.—

DEICHMUELLER CONSTRUCTION COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION (S.J. Groves, Inc., Appellee).

*Opinion filed September 24, 1992.—Rehearing denied November 30, 1992.*

Heyl, Royster, Voelker & Allen (Karen L. Kendall and Brad A. Elward, of Peoria, and Douglas J. Pomatto and Kevin J. Luther, of Rockford, all of counsel), for appellant.

Cohn, Lambert, Ryan & Schneider, Ltd., of Chicago (Pamela Kesler Harman, of counsel), for appellee.

Stevenson, Rusin & Friedman, Ltd., of Chicago (Kenneth N. Marshall and Douglas F. Stevenson, of counsel), for *amicus curiae* Illinois Association of Defense Trial Counsel.

JUSTICE BILANDIC delivered the opinion of the court:

This appeal concerns the sufficiency of an appeal bond filed by an employer pursuant to section 19(f)(2) of the Illinois Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(2)). The five-member Appellate Court Industrial Commission Division, in a unanimous opinion, dismissed the appeal of Deichmueller Construction Company. The court stated:

> "Section 19(f)(2) provides that the summons shall not issue 'unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his written request for such summons file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the review, he will pay the award and the costs of the proceedings in the courts.' (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(2).) Thus, it is evident from the language of section 19(f)(2) that the bond is to be executed by the party against whom the award has been made, in this case, Deichmueller.
>
> Here, Deichmueller filed a timely bond; however, a representative of Deichmueller did not sign the bond as principal. Nothing in the record at the time of the filing

of the bond or during the 20-day time frame for filing appeal documents indicated that Deichmueller's attorney had the authority, either actual or implied, to obligate Deichmueller to pay the bond. The affidavit filed by Deichmueller for the apparent purpose of ratifying its attorney's actions was not filed until November 2, 1989, well beyond the time for filing appeal documents.

A review of *Illinois Armored Car Corp.* [*v. Industrial Comm'n* (1990), 205 Ill. App. 3d 993] reveals that the facts of the case *sub judice* are identical to the facts of that case. \*\*\* Here, there was no authority given to Deichmueller's attorney during the 20-day filing period under which it could be said that the attorney could obligate the respondent to pay the amount of the bond. If it is not evident that the respondent is obligated by the bond during the 20-day filing period, the purpose of the bond, that a claimant has a method of collecting on an award against the respondent, is defeated, and strict compliance with the statute has not been met. Thus, for the same reasons expressed in *Illinois Armored Car Corp.*, the circuit court in the instant case did not have subject matter jurisdiction to hear the appeal of Deichmueller. Because the circuit court lacked jurisdiction of Deichmueller's appeal, we likewise do not have jurisdiction.
\*\*\*

For the foregoing reasons, the judgment of the circuit court of La Salle County, denying Groves' motion to quash summons and to dismiss Deichmueller's appeal, is reversed and remanded, with directions to quash the summons. Additionally, the claimant's appeal is dismissed since there was no adverse ruling against him." 215 Ill. App. 3d 272, 275-77.

On denial of the petition for rehearing, one justice of the appellate court panel filed a statement in accordance with Supreme Court Rule 315(a) that "the case in question involves a substantial question which warrants consideration by the Supreme Court." (134 Ill. 2d R. 315(a).)

Accordingly, we granted Deichmueller Construction Company's petition for leave to appeal.

After review, we adopt the conclusion and reasoning of the Appellate Court Industrial Commission Division.

Deichmueller urges that, if this court determines that Deichmueller's bond is insufficient, this court's holding should be given prospective application only (*i.e.*, it should apply only to bonds filed after the filing of this opinion). Deichmueller and the Illinois Association of Defense Trial Counsel, which filed an *amicus curiae* brief in this case, have supplied this court with photocopies of section 19(f)(2) bonds filed in the circuit court of Cook County during 1989 and 1990. Those photocopies suggest that in nearly one-half of the appeals taken by employers, the section 19(f)(2) bonds were signed by an attorney on behalf of the employer. Thus, Deichmueller and the *amicus curiae* claim that this court's determination that the attorney's signature is insufficient could result in the dismissal of a substantial number of pending appeals.

In general, judicial decisions are given retroactive as well as prospective effect. (*Brown v. Metzger* (1984), 104 Ill. 2d 30.) It is well established, however, that it is within the inherent power of this court to decide that a decision will not be retroactively applied. (*Castenada v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304.) We may decide to give a decision prospective application when retroactive application would be inequitable. *Gibellina v. Handley* (1989), 127 Ill. 2d 122; *Elg v. Whittington* (1987), 119 Ill. 2d 344.

This court has, in the past, considered a number of factors in determining whether a decision should be applied prospectively only. (See, *e.g., Elg*, 119 Ill. 2d at 357.) We have considered these factors in light of the facts of this case and the arguments of the parties. We

conclude that these factors compel limiting our holding here to prospective application only.

Initially, we note that, in this case, we are deciding an issue of first impression where the resolution was not clearly foreseen. (See *Elg*, 119 Ill. 2d at 357.) This court has not previously addressed the issue of whether an attorney's signature on a section 19(f)(2) bond is sufficient. The appellate court had addressed this same issue only once prior to the appellate court holding in this case. (See *Illinois Armored Car Corp. v. Industrial Comm'n* (1990), 205 Ill. App. 3d 993 (holding that an attorney's signature on a section 19(f)(2) bond was insufficient).) Notably, *Illinois Armored Car Corp.* was not decided until *after* the section 19(f)(2) bond in this case had already been filed. Deichmueller's bond was filed on July 18, 1989. Thus, at the time Deichmueller filed its bond, there was no case law foreshadowing our resolution of the issue presented in this case.

We further note that retroactive application of the holding in this case is not necessary to advance the purpose behind our holding. (See *Elg*, 119 Ill. 2d at 357.) We have held in this case that an appeal bond must be signed by an individual with authority to bind the employer to the financial obligation represented by the bond. The primary purpose of this requirement is to protect employees' compensation awards. However, an employee is also protected by sections 4(a) and 4(b) of the Act (Ill. Rev. Stat. 1985, ch. 48, pars. 138.4(a), (b)). Those sections require an employer to be covered by workers' compensation insurance or prove to the Commission on an annual basis its ability to pay compensation awards up to the limits of liability. Since sections 4(a) and 4(b) also provide protection for an employee's award, nonretroactive application of this decision will not leave those employees whose awards are currently

being appealed, including the employee in this case, without any protection.

Finally, it is clear that injustice and hardship would result from retroactive application of this decision. (See *Elg*, 119 Ill. 2d at 357.) As has already been pointed out, retroactive application of this decision could result in the dismissal for lack of subject matter jurisdiction of a number of appeals now pending in the lower courts. Such a result would be inequitable, considering that the record suggests that it apparently has been the custom among a substantial number of attorneys and clients to have the attorney sign the bond on behalf of an employer. Until the recent decision in *Illinois Armored Car Corp.*, 205 Ill. App. 3d 993, no Illinois court had found that this practice was not sufficient to comply with section 19(f)(2). Accordingly, we conclude that the decision in this case will not apply retroactively to those section 19(f)(2) bonds filed prior to the filing of this opinion. Rather, this opinion shall be applied only to those section 19(f)(2) bonds filed subsequent to the filing of this opinion.

For the reasons stated above, we agree with the appellate court's conclusion that Deichmueller did not comply with the requirements of section 19(f)(2) when its attorney signed the appeal bond on behalf of Deichmueller. However, because our holding is to be applied prospectively only, we reverse the judgment of the appellate court dismissing Deichmueller's appeal for lack of subject matter jurisdiction and directing the circuit court to do the same. We remand this cause to the appellate court for further proceedings.

*Appellate court reversed;*
*cause remanded.*