BERRYMAN EQUIPMENT, Appellant, v. THE INDUSTRIAL COMMIS-
SION *et al.* (Paul E. Hauppa, Appellee).

Second District (Industrial Commission Division)   No. 2—94—1376WC

Opinion filed August 18, 1995.—Rehearing denied September 29, 1995.

William J. Sneckenberg and John W. Billhorn, both of William J. Sneck-
enberg & Associates, Ltd., of Chicago, for appellant.

Richard F. Pellegrino, of Law Offices of Richard F. Pellegrino, of Chicago,
for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of
the court:

Respondent employer Berryman Equipment, Inc., appeals from
an order of the circuit court of Du Page County dismissing the
respondent's judicial review of an order of the Illinois Industrial
Commission (Commission) for want of subject-matter jurisdiction.
Claimant is Paul E. Hauppa.

On appeal, the issues are (1) whether, in order to invoke subject-matter jurisdiction of the circuit court over judicial review proceedings under section 19(f)(1) of the Workers' Compensation Act (Act) (820 ILCS 305/19(f)(1) (West 1992)), the written authority conferred upon an attorney by a party must be attached to the appeal bond and filed within the 20-day statutory filing period or whether the obtaining of such authority within the 20-day period is substantial compliance; and (2) if the written authorization must be filed with the bond, whether that ruling by this court should be applied prospectively only. We affirm.

On December 5, 1991, the arbitrator found claimant failed to prove an accidental injury arising out of and in the course of his employment with respondent on December 30, 1990. On May 7, 1992, the Commission affirmed and adopted the arbitrator's decision. On March 22, 1993, the circuit court reversed after finding the Commission's decision to be against the manifest weight of the evidence and remanded. Following remand, on May 18, 1994, the Commission found claimant was temporarily totally disabled from April 10, 1991, through November 6, 1991, awarded claimant $213.33 per week for this 30-week period, and also awarded claimant $16,794.05 for reasonable and necessary medical expenses. (820 ILCS 305/8(a), (b) (West 1992).) The Commission remanded the cause to the arbitrator for further proceedings pursuant to *Thomas v. Industrial Comm'n* (1980), 78 Ill. 2d 327, 399 N.E.2d 1322.

Respondent suggests, and petitioner does not say otherwise, that the Commission's decision was received on May 26, 1994. On June 10, 1994, respondent filed documents in the circuit court attempting to institute a judicial review proceeding. In response, claimant filed a special and limited appearance and a motion to quash summons and to dismiss for want of subject-matter jurisdiction alleging the bond filed was executed by the attorney as principal and was statutorily deficient. The circuit court granted the motion to quash and dismiss for want of subject-matter jurisdiction and denied respondent's subsequently filed motion for reconsideration.

In *Deichmueller Construction Co. v. Industrial Comm'n* (1992), 151 Ill. 2d 413, 414-18, 603 N.E.2d 516, 517-19, the supreme court of Illinois agreed with the conclusion of this court (*Deichmueller Construction Co. v. Industrial Comm'n* (1991), 215 Ill. App. 3d 272, 574 N.E.2d 1208) that the filing of a bond signed by an attorney rather than a person with the authority to bind the party was not sufficient under section 19(f)(2) of the Act (820 ILCS 305/19(f)(2) (West 1992)). This court's decision in *Deichmueller* noted "[n]othing in the record at the time of the filing of the bond or during the 20-day time

frame for filing appeal documents indicated that Deichmueller's attorney had the authority, either actual or implied, to obligate Deichmueller to pay the bond." (*Deichmueller*, 215 Ill. App. 3d at 275, 574 N.E.2d at 1210.) An affidavit was filed beyond the 20-day period which attempted to ratify the filing of the bond. Since there was no authority given to Deichmueller's attorney within the 20-day period, the circuit court had no jurisdiction. *Deichmueller*, 215 Ill. App. 3d at 276, 574 N.E.2d at 1210-11; see also *Illinois Armored Car Corp. v. Industrial Comm'n* (1990), 205 Ill. App. 3d 993, 997-1000, 563 N.E.2d 951, 954-56.

In this case, in response to claimant's motion to quash and to dismiss for want of subject-matter jurisdiction, respondent filed a copy of a letter dated May 26, 1994, from respondent's attorney to Stanley C. Berryman. The letter asked Berryman to sign it as authorization for Mid-Century Insurance to purchase a bond and for respondent's attorney to execute the bond for respondent. At the bottom of the second page, it was signed by Stanley C. Berryman on behalf of Berryman Equipment, but no date is shown for that signature. Nor is Berryman's office disclosed on that document.

Attached to the respondent's motion to reconsider were two statements. One, an affidavit, was from an attorney for Old Republic Surety Company, Michael Strening, who stated that the bond was in full force and effect when issued on June 8, 1994, and remained valid. The other statement, from Berryman, is not notarized. It indicated that he was president of respondent and that in signing the letter dated May 26, 1994, he understood respondent's attorney would sign the bond "as principal" for respondent and bind respondent. However, the written statement of Berryman does not indicate when he signed the letter.

Only in reply to claimant's response to the motion for reconsideration did respondent file an affidavit from respondent's attorney, John W. Billhorn, which stated that he hand delivered the letter to Berryman and Berryman signed it prior to Billhorn signing the bond. The supreme court's decision in *Deichmueller* was filed on September 24, 1992. The bond in this case was executed on June 8, 1994. Billhorn's affidavit admits he was trying to comply with *Deichmueller*.

It is clear that there was nothing on file within the 20-day period which indicated respondent's attorney had the authority to sign the bond. Nor was there anything before the circuit court which indicated that the authority was given prior to the signing of the bond until Billhorn's affidavit was finally filed.

■ To allow an attorney to sign a bond without requiring that the filing of the bond be accompanied by a written authority for the at-

torney to sign the bond "as principal" in lieu of a corporate officer for the party, or an individual party, and to bind that party would circumvent the effect of the rulings in *Deichmueller* and *Illinois Armored Car*. Therefore, strict compliance with the Act being required to vest subject-matter jurisdiction in the circuit court, it is determined that evidence of the attorney's authority to sign the bond must be filed with the bond in order to invoke subject-matter jurisdiction under the Act.

■ Respondent also asks this court to apply this decision prospectively because, according to respondent, the *Deichmueller* decision does not decide the issue presented in this case. The supreme court of Illinois, as the highest court of this State, has the inherent power to give a decision prospective or retrospective application. (*Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 328-29, 547 N.E.2d 437, 448; *Board of Commissioners of the Wood Dale Public Library District v. County of Du Page* (1984), 103 Ill. 2d 422, 426, 469 N.E.2d 1370, 1372; *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 28, 163 N.E.2d 89, 97.) The appellate court has no such authority. *Hahn v. Norfolk & Western Ry. Co.* (1993), 241 Ill. App. 3d 97, 103, 608 N.E.2d 683, 688; *Ashley v. Evangelical Hospitals Corp.* (1992), 230 Ill. App. 3d 513, 526-27, 594 N.E.2d 1269, 1278-79; *Strang v. Department of Transportation* (1990), 206 Ill. App. 3d 368, 373, 564 N.E.2d 261, 264-65.

The order of the circuit court of Du Page County dismissing for want of subject-matter jurisdiction the respondent's judicial review of the Commission's decision is affirmed.

Affirmed.

RAKOWSKI, COLWELL, HOLDRIDGE, and RARICK, JJ., concur.