FIRST CHICAGO, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Sharon Skalon, Appellee).

First District (Industrial Commission Division)   No. 1—97—1116WC

Opinion filed February 10, 1998.

RAKOWSKI, J., dissenting, joined by HOLDRIDGE, J.

Hennessy & Roach, P.C., of Chicago (Daniel E. O'Brien and Thomas G. Hennessy, of counsel), for appellant.

Arthur German, of Chicago, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Respondent, First Chicago, appeals from an order of the circuit court of Cook County dismissing respondent's judicial review of the Industrial Commission's (Commission) order awarding benefits to claimant, Sharon Skalon, under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)). The circuit court held that it lacked subject-matter jurisdiction to review the Commission's decision. We reverse and remand with directions.

## FACTS

The facts are undisputed. On June 27, 1995, an arbitrator entered an award in claimant's favor. On June 10, 1996, the Commission partially modified, but otherwise affirmed, the arbitrator's decision. On August 12, 1996, the Commission issued a corrected decision. Respondent claims, and claimant does not argue otherwise, that it received the Commission's decision on August 19, 1996.

On September 9, 1996, respondent timely filed documents in the circuit court of Cook County, including an appeal bond, to institute the judicial review of the Commission's decision. The appeal bond was signed as follows:

"First Chicago
/s/ John A. Bradley
As principal
Safeco Insurance Company of America
/s/ Theodore C. Sevier, Jr.
As surety
Theodore C. Sevier, Jr., Attorney-in-Fact."

On October 9, 1996, claimant filed a special and limited appearance and a motion to quash summons and dismiss the action. Claimant argued that the bond was insufficient to bind respondent because it was not signed by Mr. Bradley as an officer of respondent and did not indicate that Mr. Bradley was authorized to execute the bond on respondent's behalf. Claimant also complained that claimant's original summons erroneously referred to the June 10, 1996, Commission decision and contained an erroneous return date. Accordingly, claimant argued that respondent failed to comply with the 20-day statutory review period under section 19(f)(1) of the Act because an amended summons referring to the corrected decision date with a proper return date was not filed until October 15, 1996. On December 16, 1996, respondent filed its brief in response to claimant's motion wherein respondent identified Mr. Bradley as respondent's vice-president—management of corporate insurance and as respondent's authorized agent.

In its decision, the circuit court made no findings of fact regarding Mr. Bradley's authority to bind respondent. Instead, the circuit court stated a single legal conclusion—Mr. Bradley signed the bond individually. The circuit court rejected claimant's argument under section 19(f)(1) regarding the decision date and return date in the original summons but granted the motion to quash based on Mr. Bradley's failure to identify his authority and dismissed the case for lack of subject-matter jurisdiction. Respondent timely appealed.

## ANALYSIS

When the facts upon an issue are undisputed and susceptible

to but a single inference, as in this case, the issue is a question of law, and the circuit court's decision is not binding on this court. See *Caterpillar Tractor Co. v. Industrial Comm'n*, 129 Ill. 2d 52, 60 (1989). Accordingly, based upon the undisputed facts in this case, we review the circuit court's decision as a question of law.

## I. SECTION 19(F)(2)

### A. Identification of Individual Signing Appeal Bond

In this case, we do not know Mr. Bradley's status with or relationship to respondent. The record contains no evidence identifying Mr. Bradley, and respondent's identification of Mr. Bradley as an officer in its brief in response to claimant's motion to dismiss is simply not evidence. As a result, we do not know whether Mr. Bradley is respondent's officer or someone else. Thus, the first issue is whether an individual signing an appeal bond (820 ILCS 305/19(f)(2) (West 1996)) on behalf of a corporate respondent must identify on the appeal bond his or her status as an officer of the corporation in order to invoke the subject-matter jurisdiction of the circuit court under section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 1996)). We find section 19(f)(2) does not contain such a requirement.

■ The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature, and that inquiry appropriately begins with the language of the statute. *People v. Woodard*, 175 Ill. 2d 435, 443 (1997). In this case, section 19(f)(2) provides in pertinent part: "No such summons shall issue unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his written request for such summons file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the review, he will pay the award and the costs of the proceedings in the courts." 820 ILCS 305/19(f)(2) (West 1996).

■ Furthermore, where an enactment is clear and unambiguous, the court is not free to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express. *Woodard*, 175 Ill. 2d at 443. Similarly, when the legislature is silent, a court may not fill a void through judicial interpretation. *Gabriel Builders, Inc. v. Westchester Condominium Ass'n*, 268 Ill. App. 3d 1065, 1068 (1994).

■ According to the plain language of the Act, section 19(f)(2) only requires that the bond be executed by the party against whom the award has been made (*Deichmueller Construction Co. v. Industrial Comm'n*, 151 Ill. 2d 413, 414 (1992)), and, in this case, that party is First Chicago. Thus, while the better practice may be for an individ-

ual to always identify his or her status as an officer of a corporate respondent when signing an appeal bond on the corporation's behalf, section 19(f)(2) does not require that the signing individual identify on the bond his or her office, and we decline to add such a condition.

B. Evidence of Authority Outside 20-day Period

■ The second issue then is whether a corporate respondent may present evidence after the expiration of the 20-day statutory review period under section 19(f)(1) of the Act to refute an attack on the signing individual's authority to bind the corporation. In other words, if the individual signing the appeal bond on behalf of the corporation did not identify his or her status as an officer of the corporation and the claimant attacks the appeal bond after the expiration of the 20-day statutory review period, may the corporate respondent submit evidence, such as an affidavit, identifying the individual's corporate office and authority to bind the corporation? The answer is yes.

In the line of cases involving attorneys signing appeal bonds on behalf of respondents, each of the respondents filed affidavits after the expiration of the 20-day period. See *Deichmueller*, 151 Ill. 2d 413 (respondent filed affidavit ratifying attorney's actions outside 20-day period); *Berryman Equipment v. Industrial Comm'n*, 276 Ill. App. 3d 76 (1995) (respondent filed affidavit with reply in support of motion to reconsider order dismissing judicial review); *Illinois Armored Car Corp. v. Industrial Comm'n*, 205 Ill. App. 3d 993 (1990) (respondent filed affidavit confirming attorney's authority outside 20-day period). Similarly, in *Lee v. Industrial Comm'n*, 82 Ill. 2d 496 (1980), two partners filed a second bond after the expiration of the 20-day period. Accordingly, respondent should be permitted to present evidence identifying Mr. Bradley's status as an officer in order to prove the sufficiency of the appeal bond.

We note that the interests of justice further support our position on this issue. If we did not allow a corporate respondent to submit evidence outside the 20-day statutory review period to refute an attack on an individual's authority to sign an appeal bond on behalf of the corporation, the claimant would always wait until the 20-day period expired and then attack the appeal, as in this case. The respondent would not be able to prove the signing individual had authority even if that person did possess the appropriate authority. The respondent would then be punished because the individual did not identify his or her corporate office even though the Act does not contain such a requirement.

C. Effect of Signing Individual's Identity on Motion

■ Even though respondent may file evidence after the expiration of the 20-day period, our inquiry continues. The signing individual's

identity ultimately controls the outcome of the motion to dismiss the appeal.

For instance, if the evidence is filed outside the 20-day period and the signing individual is the respondent's attorney, the appeal should be dismissed. See *Berryman*, 276 Ill. App. 3d 76 (an attorney who signs an appeal bond "as principal" in lieu of a corporate officer for a corporate respondent must attach to the appeal bond and file the written authority conferred upon the attorney by the party within the 20-day statutory review period to invoke subject-matter jurisdiction under the Act); see also *Deichmueller*, 151 Ill. 2d 413; *Illinois Armored Car*, 205 Ill. App. 3d 993.

Conversely, if the evidence is filed outside the 20-day period and the individual is a partner, the appeal should not be dismissed. See *Lee*, 82 Ill. 2d 496. In *Lee*, respondents, Eugene Lee and Jack Onofrey, partners doing business as LeJac's, sought judicial review in the circuit court of an adverse award in the Commission. *Lee*, 82 Ill. 2d at 496-97. One of the partners signed the bond as principal and the other signed as surety. *Lee*, 82 Ill. 2d at 498. The claimant moved to dismiss maintaining the bond was not in proper form, and the circuit court, on March 13, 1980, granted the claimant's motion. *Lee*, 82 Ill. 2d at 498. The respondents subsequently filed a motion to vacate on April 11, 1980, and in conjunction with the motion they submitted another bond in proper form which they both signed as principals with a third person as surety. *Lee*, 82 Ill. 2d at 498. The circuit court denied the motion and refused the second bond. *Lee*, 82 Ill. 2d at 498.

The supreme court reversed the circuit court's ruling because the bond was signed by one of the two partners and, thus, was signed by the party against whom the award was entered. *Lee*, 82 Ill. 2d at 498. As a result, the supreme court remanded the matter to the circuit court with directions that the circuit court determine the sufficiency of the second bond, even though it was filed outside the 20-day statutory period. *Lee*, 82 Ill. 2d at 501. If the circuit court found the bond was sufficient, it was to consider the merits of the appeal. *Lee*, 82 Ill. 2d at 501.

As previously stated, in this case, the record contains no evidence identifying Mr. Bradley. We may assume, however, that Mr. Bradley is not respondent's attorney. Neither of the parties make this claim and Mr. Bradley's name appears nowhere else in the record. Furthermore, we know that respondent is a corporation, and respondent claims Mr. Bradley is an officer with authority to sign the bond. The question then is whether the circuit court should dismiss the petition for review if Mr. Bradley is respondent's officer, and we believe that it should not.

A corporate officer is similar to a partner who signs an appeal bond. In each case, an individual with corporate authority would sign the bond as principal. See *Deichmueller v. Industrial Comm'n*, 215 Ill. App. 3d 272, 276 (1991), *aff'd*, 151 Ill. 2d 413 (1992) (partner has corporate authority to sign appeal bond); *cf. Anderson v. City of Rolling Meadows*, 10 Ill. 2d 54, 59 (1956) (presumption that corporate vice-president has the authority to execute contract on behalf of the corporation). Thus, a bond signed by a corporate officer would be proper when filed.

Contrarily, the role of a corporate officer is legally distinguishable from the role of an attorney representing a respondent. Corporations act through their officers and directors and are bound by their actions when performed within the scope of their authority (*Ahlgren v. Blue Goose Supermarket, Inc.*, 266 Ill. App. 3d 154, 162 (1994)), and a reasonable person would assume that a corporate officer has the authority to bind a corporation financially because decisions relating to a corporation's financial obligations are typically reserved for corporate officers and directors. *Illinois Armored Car*, 205 Ill. App. 3d at 999. On the other hand, a reasonable person would not assume that retaining an attorney to defend a corporation against a worker's compensation claim would necessarily give the attorney authority to obligate the corporation financially since it is not the customary practice for financial decisions to be made by attorneys representing the corporation. *Illinois Armored Car*, 205 Ill. App. 3d at 999. Accordingly, an appeal bond signed by a corporation's attorney is not the equivalent of an appeal bond signed by a corporate officer. See *Deichmueller*, 151 Ill. 2d at 414 (noting a representative of the corporation did not sign the bond as principal where the corporation's attorney signed the bond); *Berryman*, 276 Ill. App. 3d at 78-79 (stating an attorney signs in lieu of a corporate officer); *Illinois Armored Car*, 205 Ill. App. 3d at 997 (noting bond signed by corporation's attorney was not signed by an agent or officer of the corporation).

In summary, respondent should be permitted to submit evidence of Mr. Bradley's status as an officer. If Mr. Bradley is respondent's officer, Mr. Bradley would possess authority to sign the appeal bond on behalf of respondent, and the bond would be properly filed. The circuit court should then consider the merits of respondent's petition for review.

## II. SECTION 19(F)(1)

■ Claimant also argues that the circuit court should have granted its motion to dismiss based on its argument under section 19(f)(1) regarding the erroneous decision date and return date

contained in respondent's summons which was corrected in respondent's amended summons. Claimant, however, has not shown any prejudice; respondent did not completely omit any requirement under section 19(f), and substantial compliance is sufficient to invoke the circuit court's jurisdiction in limited circumstances such as this. See *Chicago Transit Authority v. Industrial Comm'n*, 238 Ill. App. 3d 202, 206-07 (1992); see also *Advance Transportation Co. v. Industrial Comm'n*, 202 Ill. App. 3d 449 (1990) (request for summons failed to designate a return date sufficient in the absence of prejudice). Accordingly, the circuit court properly denied claimant's motion based on this argument.

## CONCLUSION

Based upon the foregoing, the judgment of the circuit court of Cook County is reversed, and the cause remanded with directions that the circuit court allow respondent to present evidence identifying Mr. Bradley, and, if appropriate, consider the merits of respondent's petition for review.

Reversed and remanded with directions.

McCULLOUGH, P.J., and RARICK, J., concur.

JUSTICE RAKOWSKI, dissenting:

The majority agrees that a bond signed John E. Bradley, attorney at law for First Chicago, would not invoke jurisdiction pursuant to section 19(f)(1). Can it be, then, that a bond signed First Chicago by John E. Bradley is somehow sufficient? For the reasons that follow, the answer is no.

Pursuant to section 19(f)(1), a party seeking judicial review of an Industrial Commission decision must file a written request for summons in the circuit court within 20 days of receipt of notice of decision. If an employer, other than certain enumerated governmental entities, is seeking review, it must additionally file a bond "conditioned that if he shall not successfully prosecute the review, he will pay the award and the costs of the proceedings." 820 ILCS 305/19(f)(2) (West 1996). Like the request for summons, the bond must be filed within the 20-day period. Because the bond requirement is statutory, strict compliance is required to vest subject-matter jurisdiction in the circuit court. *Berryman Equipment*, 276 Ill. App. 3d at 79.

The definite and short period of time to secure review in the circuit court is obviously for the purpose of securing a speedy determination of all litigation. 3 T. Angerstein, Illinois Workers' Compen-

sation § 2118, at 15 (1952); *City of Chicago v. Industrial Comm'n*, 63 Ill. 2d 99, 103 (1976). The legislative intent is that the bond provide protection to the claimant (*Celeste v. Industrial Comm'n*, 205 Ill. App. 3d 423, 426 (1990)), by providing a fund from which the judgment will be paid and a short period of time in which the employer may perfect review in the circuit court.

## I. IDENTITY OF INDIVIDUAL SIGNING BOND

Recently, in *Berryman Equipment*, we held that to allow an attorney to sign a bond without requiring the attorney's written authority to bind the principal would circumvent the effect of the rulings in *Deichmueller* and *Illinois Armored Car*. *Berryman Equipment*, 276 Ill. App. 3d at 78-79. The rationale is that it is unlikely that a reasonable person would assume that an attorney hired to defend a workers' compensation claim would have the authority to obligate the corporation financially. "Decisions relating to a corporation's financial obligations are typically reserved for corporate officers and directors, not for attorneys representing the corporation." *Illinois Armored Car*, 205 Ill. App. 3d at 999.

In the instant case, the record and the bond are devoid of any evidence regarding the identity of John E. Bradley. We do not know if he is employed by First Chicago or, if he is, whether he is an officer, director, or has authority to bind the corporation in financial matters. The majority simply presumes that Bradley is not an attorney at law and states that this fact is decisive. According to the majority, as long as Bradley is not an attorney, there is no need for the bond to contain evidence that he had authority to bind First Chicago.

Although all of the cases this court has reviewed regarding authority to sign bonds have involved attorneys, the rule is not so limited as is evidenced by our statement in *Deichmueller*: "[i]f it is not evident that the respondent is obligated by the bond during the 20-day filing period, the purpose of the bond, that a claimant has a method of collecting on an award against the respondent, is defeated, and strict compliance with the statute has not been met." *Deichmueller*, 215 Ill. App. 3d at 276, *rev'd on other grounds*, 151 Ill. 2d 413, 416 (1992) (supreme court adopted conclusions and reasoning of appellate court). In accord with this reasoning, I submit that the rule, in a corporate context, should be that unless the bond is signed by an officer or director, *i.e.*, someone who customarily has authority to bind the corporation in financial matters (see *Illinois Armored Car*, 205 Ill. App. 3d at 999), then the authority of the party signing the bond must accompany the bond. Whether that person is an employee of the corporation, a nonemployee-agent, or an attorney is without

significance. As long as the authority of the person to bind the corporation is evident on the face of the bond, the purpose and spirit of the rule are satisfied—that it was reasonably evident from the face of the bond that it is signed on behalf of the corporation by someone with authority. Such a rule would protect the claimant by ensuring a valid bond to pay the award.

Moreover, a rule that only attorneys must supply evidence of authority defies logic. I repeat, the purpose of the rule is that reasonable people, who are familiar with pertinent business practices, would reasonably believe, from the face of the bond, that the person signing on behalf of the corporation had the authority to bind and, thus, the bond is valid. In *Illinois Armored Car, Deichmueller,* and *Berryman Equipment,* the employers argued that it is reasonable to assume that the attorney had authority to bind the corporation to a bond. They reasoned that the attorney was hired to defend the corporation on a workers' compensation claim and to seek judicial review in the circuit court. Because it is incumbent upon an employer seeking judicial review to file a bond, it is only reasonable that one would assume that the attorney had authority to sign the bond. In each case, however, we rejected this argument. We stated that the issue was not whether the person had authority. Rather, the proper inquiry was whether the authority was evident from the face of the bond. Thus, despite a cogent argument that an employer's attorney would have authority, we nonetheless held that reasonable people would not expect the attorney to have the authority to bind the corporation in financial matters.

Turning to the instant case, there is nothing on the face of the bond that would lead a reasonable person to believe that John E. Bradley has authority to bind First Chicago financially. We do not know his relationship, if any, with First Chicago. Is he an employee? Is he an officer? Does he have authority? There is not a clue. Assume, *arguendo,* that Bradley is an attorney and signs the bond John E. Bradley, attorney. The appeal must be dismissed without hearing. Yet, if Bradley omits his title and simply signs John E. Bradley, the trial court must conduct a hearing regarding his authority. Such a rule serves no rational purpose.

## II. EVIDENCE OF AUTHORITY OUTSIDE THE 20-DAY PERIOD

I strongly disagree with the majority's position that evidence of authority submitted after the expiration of the 20-day statutory period in section 19(f)(1) may be considered by the trial court so long as the person signing on behalf of the principal is not an attorney. The

majority does not cite, nor can I find, any authority to support such a proposition.

The majority reasons that because other cases involving attorneys signing bonds on behalf of employers allowed evidence of authority to be submitted subsequent to the expiration of the 20-day period, First Chicago should also be permitted to present evidence of Mr. Bradley's status as an officer. Although it is true that in *Deichmueller, Berryman Equipment,* and *Illinois Armored Car* the employer either submitted or attempted to submit evidence of the attorney's authority subsequent to the expiration of the 20-day period, in each case such authority was held to be without legal effect. "The failure to demonstrate this authority until after the statutory period expired does not meet the strict compliance standard required for circuit court review of Industrial Commission cases." *Illinois Armored Car,* 205 Ill. App. 3d at 998, citing *Arrington v. Industrial Comm'n,* 96 Ill. 2d 505 (1983). In *Deichmueller,* we stated "[n]othing in the record at the time of the filing of the bond or during the 20-day time frame for filing appeal documents indicated that Deichmueller's attorney had the authority, either actual or implied, to obligate Deichmueller to pay the bond." *Deichmueller,* 215 Ill. App. 3d at 275. Accord *Berryman Equipment,* 276 Ill. App. 3d at 77-78. Rather than support the majority's position, these cases clearly say that the trial court may not consider evidence filed subsequent to the 20-day jurisdictional period in section (19)(a)(1).

The majority also places significant reliance on *Lee v. Industrial Comm'n,* 82 Ill. 2d 496 (1980), in support of its position. *Lee,* however, did not involve the authority of a person signing on behalf of a corporation, did not involve subject-matter jurisdiction of the circuit court and, accordingly, has no relevance whatsoever to the instant case. In *Lee,* an employer seeking circuit court review of an Industrial Commission decision filed a bond signed by one partner as principal and signed by the other partner as surety. The claimant moved to dismiss on the ground the partners were improperly acting in both capacities and that a bond in proper form was jurisdictional. The motion was allowed and the respondent's subsequent tender of a bond with two partners as principals and a third person as a surety was refused. In reversing, the supreme court noted that the trial court relied upon *Coultas v. Industrial Comm'n,* 31 Ill. 2d 527 (1964), where it held that a bond not signed by the party against whom the award had been entered was insufficient to confer jurisdiction in the circuit court. The supreme court noted that *Lee* was different in that one of the partners/respondents did sign the original bond. The court also distinguished *Peter H. Clark Lodge No. 483 v. Industrial Comm'n,* 48

Ill. 2d 64 (1971) (no receipt of payment produced and exhibited), and *Firestone Tire & Rubber Co. v. Industrial Comm'n*, 74 Ill. 2d 269 (1979) (failure to file a bond), because those cases, like *Coultas*, involved issues that deprived the trial court of jurisdiction. As such, the court concluded that all three cases were inapposite because they involved subject-matter jurisdiction. Instead, the *Lee* court relied on *Smith v. Estate of Womack*, 12 Ill. 2d 315 (1957), where it held a filing requirement to be nonjurisdictional, and *Republic Steel Corp. v. Industrial Comm'n*, 30 Ill. 2d 311 (1964), where it held that the circuit court's failure to approve the bond in writing did not deprive it of jurisdiction.

It is crystal clear in *Lee* that the supreme court held that a bond defect (improper surety) was not jurisdictional because the bond was signed by the partner who actually and presumptively had authority to bind the partnership. This is clearly evident from the concluding paragraph of the opinion where the court states "in accordance with the tenor of these cases [(*Smith* and *Republic Steel*—cases not involving subject-matter jurisdiction)], *** the trial court should have proceeded to determine the sufficiency of the bond tendered in connection with the post-trial motion." *Lee*, 82 Ill. 2d at 501.

Unlike the defect in *Lee*, the issue of a party's authority to bind the corporation is clearly jurisdictional. *Berryman Equipment*, 276 Ill. App. 3d at 77-78; *Deichmueller*, 215 Ill. App. 3d at 276; *Illinois Armored Car*, 205 Ill. App. 3d at 996. Rather than supporting the majority's position, *Lee* is to the contrary. By rejecting *Coultas*, *Peter H. Clark Lodge No. 483*, and *Firestone Tire & Rubber Co.*, and relying on cases not involving subject-matter jurisdiction, the court clearly implies that the trial court would have been without subject-matter jurisdiction had the partner signing the bond been without authority.

Until today, the rule was unambiguous. In order to vest the trial court with subject-matter jurisdiction over an appeal, an employer must file a bond within 20 days. Further, it must be apparent from the face of the bond that the signor has authority to bind the corporation financially. Thus, this division has consistently held that unless the bond is signed by an officer, or director (one who presumptively has authority), a statement of authority is necessary. Under this rule, subject-matter jurisdiction is easily determined by simply looking at the bond. Under the majority's rule, however, a bond may be signed by anyone, so long as he does not say he is an attorney. Then, after expiration of the 20-day statutory period, the corporation may furnish the circuit court with supplemental material regarding the signor's authority. A determination of subject-matter jurisdiction

which previously took 20 days is now extended some unknown period. I respectfully submit that the old rule is simple and easy to apply. The majority rule will cause delay, uncertainty, and increased expense.

For the aforementioned reasons, I would affirm the trial court's determination that it was without subject-matter jurisdiction.

HOLDRIDGE, J., joins in this dissent.