UNILEVER BEST FOODS NORTH AMERICA, Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Timothy Collofello, Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—06—2395WC

Opinion filed June 19, 2007.

Slavin & Slavin, of Chicago (Santiago J. Echeveste, of counsel), for appellant.

Lannon, Lannon & Barr, Ltd., of Chicago (Richard J. Barr, Jr., of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

Unilever Best Foods North America (Unilever) appeals from an order of the circuit court of Cook County dismissing its petition for judicial review of a decision of the Illinois Workers' Compensation Commission (Commission). We affirm.

The facts of this case are not in dispute. The claimant, Timothy Collofello, filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2004)), seeking benefits for injuries he alleged that he received while in the employ of Unilever on June 14, 2004. Following a hearing held pursuant to section 19(b) of the Act (820 ILCS 305/19(b) (West 2004)), an arbitrator issued a decision in which he found that the claimant suffered accidental injuries on June 14, 2004, arising out of and in the course of his employment with Unilever. The arbitrator awarded the claimant temporary total disability benefits under the Act at the rate

of \$590.24/week for a period of 11⁵/₇ weeks and ordered Unilever to pay \$14,338.77 for medical services provided to the claimant.

Unilever filed a petition for review of the arbitrator's decision before the Commission. In a unanimous decision, the Commission affirmed and adopted the arbitrator's decision and remanded the matter back to the arbitrator for further proceedings pursuant to *Thomas v. Industrial Comm'n*, 78 Ill. 2d 327, 399 N.E.2d 1322 (1980).

Unilever filed a petition for judicial review of the Commission's decision in the circuit court of Cook County. When it filed its action for judicial review, Unilever filed a bond executed by one of its attorneys, Sandy Echeveste. In addition to the bond, Unilever filed a "Statement of Authority in Support of Bond" pursuant to the terms of which Mark F. Slavin, its attorney, was authorized to sign the bond filed with the circuit court as principal in lieu of one of Unilever's corporate officers. The document was signed by Barry A. Patterson, Unilever's human resource manager.

The claimant moved to quash the summons issued by the clerk of the court and dismiss the review action for a lack of subject-matter jurisdiction by reason of Unilever's failure to file a bond in accordance with the provisions of section 19(f)(2) of the Act (820 ILCS 305/19(f)(2) (West 2004)). Specifically, the claimant asserted both that Patterson is not one of Unilever's corporate officers and, therefore, lacked the authority to sign the "Statement of Authority in Support of Bond," and that the individual who actually signed the bond on behalf of Unilever as principal was not the person authorized to do so pursuant to the terms of the "Statement of Authority in Support of Bond."

Unilever filed a response to the claimant's motion attached to which were the affidavits of Barry A. Patterson and Mark F. Slavin. In Patterson's affidavit he stated that he was "authorized to bind Best Foods/Unilever including as to signing a Statement of Authority in support of Bond." He also stated that he "authorized Mark F. Slavin, Slavin & Slavin, or his associate Attorneys working under his direction to sign the Statement of Authority in Support of Bond Form." Slavin stated in his affidavit that "Best Foods/Unilever has extended authorization to *** Mark F. Slavin, and to Slavin & Slavin, including any Associate Attorney working under my direction and hereby ratify that Attorney Sandy Echeveste, was authorized to sign the Statement of Authority in Support of Bond and Bond Certiorari on my behalf." The response and attached affidavits were filed with the circuit court more than 20 days after Unilever's receipt of the Commission's decision.

The circuit court granted the claimant's motion and dismissed Unilever's action for judicial review of the Commission's decision. Thereafter, Unilever filed the instant appeal.

In urging reversal of the circuit court's order dismissing its action, Unilever appears to argue that the bond which it filed satisfied the provisions of section 19(f)(2) of the Act because it was signed by an associate attorney at Slavin & Slavin working under the direction of Mark F. Slavin who was authorized to sign the bond on Unilever's behalf. Unilever relies in support of its argument upon this court's decision in *First Chicago v. Industrial Comm'n*, 294 Ill. App. 3d 685, 691 N.E.2d 134 (1998).

In *First Chicago*, we held that the corporate plaintiff should have been allowed to present evidence more than 20 days after receipt of the Commission's decision, establishing that the individual who signed its bond was a corporate officer with authority to sign the bond and bind the corporation. *First Chicago*, 294 Ill. App. 3d at 689. As a consequence, we reversed the dismissal of First Chicago's action for judicial review of a Commission decision and remanded the matter back to the circuit court with directions to allow First Chicago to present evidence as to the identity of the individual who signed its bond and, if appropriate, consider the merits of First Chicago's petition for review. *First Chicago*, 294 Ill. App. 3d at 692. For the reasons that follow, however, we find *First Chicago* distinguishable and Unilever's reliance upon its holding misplaced.

Section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 2004)) sets forth the requirements for seeking a judicial review of a Commission decision. The statute provides that a proceeding for review must be commenced within 20 days of the receipt of notice of the Commission's decision. It also provides that, within that 20-day period, a written request for the issuance of a summons must be made. 820 ILCS 305/19(f)(1) (West 2004). However, before a summons can be issued, a bond must be tendered to the clerk of the court. 820 ILCS 305/19(f)(2) (West 2004). That bond must be executed by the party against whom the Commission rendered its award. 820 ILCS 305/19(f)(2) (West 2004); *Deichmueller Construction Co. v. Industrial Comm'n*, 151 Ill. 2d 413, 414, 603 N.E.2d 516 (1992).

In *Berryman Equipment v. Industrial Comm'n*, 276 Ill. App. 3d 76, 79, 657 N.E.2d 1039 (1995), we held that evidence of an attorney's authority to sign a bond as principal in lieu of a corporate officer of a party to a judicial review action must be filed with the bond in order to invoke subject-matter jurisdiction under the Act. In this case, Echeveste signed the bond as "attorney for" Unilever. However, the "Statement of Authority in Support of Bond" which was filed with the bond authorized only Mark F. Slavin to execute a bond on behalf of Unilever. Nevertheless, Unilever, relying upon the affidavits of Patterson and Slavin and our decision in *First Chicago*, asserts that the bond satisfies the requirements of section 19(f)(2) of the Act.

In *First Chicago*, the bond at issue was signed "First Chicago /s/ John A. Bradley." In response to the defendant's motion to dismiss and after the expiration of the 20-day statutory review period under section 19(f)(1) of the Act, First Chicago filed a pleading in which it identified Bradley as one of its vice-presidents. In reversing the trial court's dismissal of First Chicago's action for failure to comply with the bond requirements of section 19(f)(2), we held that the Act does not require an individual signing an appeal bond on behalf of a corporation to identify his or her status as an officer of the corporation on the face of the bond. *First Chicago*, 294 Ill. App. 3d at 688-89. We also held that affidavits may be submitted after the expiration of the 20-day statutory review period in order to identify the individual that signed the bond as a corporate officer with authority to bind the corporation. *First Chicago*, 294 Ill. App. 3d at 689. In so holding, we acknowledged a line of cases in which the plaintiffs had filed affidavits after the expiration of the 20-day statutory review period either ratifying their attorneys' actions in signing a bond or confirming their attorneys' authority to do so. See *Deichmueller*, 151 Ill. 2d at 415; *Berryman Equipment*, 276 Ill. App. 3d at 78; *Illinois Armored Car Corp. v. Industrial Comm'n*, 205 Ill. App. 3d 993, 995, 563 N.E.2d 951 (1990). What we failed to acknowledge, however, was the fact that in each of those cases it was clearly held that a trial court may not consider evidence filed after the expiration of the 20-day statutory review period in order to establish an attorney's authority to sign an appeal bond as principal on behalf of a plaintiff in a judicial review action brought pursuant to the Act. *First Chicago*, 294 Ill. App. 3d at 695 (Rakowski, J., dissenting, joined by Holdridge, J.); see also *Deichmueller*, 151 Ill. 2d at 414-16; *Berryman Equipment*, 276 Ill. App. 3d at 78-79; *Illinois Armored Car*, 205 Ill. App. 3d at 998.

In *First Chicago*, we sanctioned a procedure by which a corporation was able, after the expiration of the 20-day statutory review period, to identify the individual that signed an appeal bond on its behalf as an officer of the corporation. We have never authorized a plaintiff in a judicial review proceeding under the Act to submit evidence after the expiration of the review period establishing that its attorney was authorized to execute a bond on its behalf. See *Deichmueller*, 151 Ill. 2d at 414-16.

Echeveste is not alleged to be an officer of Unilever authorized to sign bonds and bind the corporation. It is not his identity as a corporate officer that the affidavits submitted in support of Unilever's response to the claimant's motion to dismiss attempted to establish. Rather, the Patterson and Slavin affidavits attempted to establish Echeveste's authority as an attorney representing the corporation to

execute a bond on its behalf. Consequently, this case is readily distinguishable from the circumstances in *First Chicago* and falls clearly within our holding in *Berryman Equipment.*

There was nothing on file in this case within the 20-day review period established pursuant to section 19(f)(1) of the Act indicating that Echeveste had the authority to execute a bond on behalf of Unilever. The "Statement of Authority in Support of Bond" filed with the bond granted that authority to Mark F. Slavin only. In the absence of evidence of Echeveste's authority to sign the bond filed within the statutory review period, the bond filed by Unilever failed to satisfy the requirements of section 19(f)(2) of the Act.

The foregoing analysis leads us to conclude that the circuit court lacked the necessary subject-matter jurisdiction to entertain Unilever's action for judicial review of the Commission's decision in this case, and the action was properly dismissed. We, therefore, affirm the judgment of the circuit court and remand this cause back to the Commission for further proceedings. Our resolution of the matter makes it unnecessary for us to address the claimant's additional argument concerning Patterson's authority to execute the "Statement of Authority in Support of Bond."

Affirmed and remanded.

McCULLOUGH, P.J., and GROMETER and DONOVAN, JJ., concur.

JUSTICE HOLDRIDGE, specially concurring:

I dissented from the majority opinion in *First Chicago v. Industrial Comm'n*, 294 Ill. App. 3d 685 (1998). In my view: "[U]nless the bond is signed by an officer or director, *i.e.*, someone who customarily has authority to bind the corporation in financial matters \*\*\*, then the authority of the party signing the bond must accompany the bond. Whether that person is an employee of the corporation, a nonemployee-agent, or an attorney is without significance." *First Chicago*, 294 Ill. App. 3d at 693-94 (Rakowski, J., dissenting, joined by Holdridge, J.). In other words, regardless of who signs the bond, I would not allow evidence of their corporate authority to be submitted after the 20-day jurisdictional period. See *First Chicago*, 294 Ill. App. 3d at 694-97 (Rakowski, J., dissenting, joined by Holdridge, J.).

In the instant case, attorney Sandy Echeveste signed the bond without providing any contemporary evidence that he was authorized to bind Unilever financially. The only contemporary evidence of such authority pertained to a different attorney—Mark F. Slavin. Evidence

of Echeveste's authority was not submitted until after the 20-day jurisdictional period expired. For these reasons, I concur in the majority's decision that Unilever failed to vest the circuit court with subject matter jurisdiction.