PAUL POWERS, Plaintiff-Appellant, v. RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—92—3967

Opinion filed June 30, 1993.

Law Offices of Joseph V. Roddy, of Chicago (Thomas J. Pleines, of counsel), for appellant.

David R. Kugler, of Chicago, for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

The facts giving rise to this appeal are not in dispute. The plaintiff, Paul Powers, was appointed a member of the Chicago police department on March 12, 1962. Pursuant to section 5—170 of the Illinois Pension Code (Ill. Rev. Stat. 1991, ch. 108½, par. 5—170) (Code), the plaintiff contributed 1½% of his salary to the Policemen's Annuity and Benefit Fund (the Fund) for establishment of a widow's annuity. On July 24, 1991, the plaintiff, upon attaining his 63rd birthday, was mandatorily retired from the service of the Chicago police department. On the date of his retirement, the plaintiff was married to Vivian Powers. On September 6, 1991, a judgment of dissolution of marriage was entered in the circuit court of Cook County dissolving the marriage existing between the plaintiff and Vivian Powers. The dissolution action was commenced in 1988 and was pending at the time of the plaintiff's retirement.

On September 12, 1991, the plaintiff requested a refund of all contributions made by him to the Fund for the widow's annuity. The

Fund denied the plaintiff's request, citing to section 5—165 of the Code.

On July 24, 1992, the plaintiff filed a complaint for declaratory judgment in the circuit court of Cook County requesting that the court declare him entitled to a full refund of all contributions he made to the Fund for the widow's annuity. The parties filed cross-motions for summary judgment, and on October 6, 1992, the trial court denied the plaintiff's motion and granted summary judgment for the Fund. It is from this order that the plaintiff now appeals, and for the following reasons, we affirm.

The single issue on appeal is whether the trial court properly construed Code section 5—165, which provides as follows:

"When an unmarried policeman withdraws from service and enters upon annuity, and when a policeman becomes a widower while still in service, his accumulations for widow's annuity shall then be refunded to him upon request. The widow of a policeman who has received a refund under this Section shall have no right to an annuity from the Fund, unless (1) the amount of the refund, plus interest thereon from the date of refund to the date of payment, is repaid to the Fund within one year after the date of marriage, and (2) the date of marriage is at least one year prior to the date of death, and (3) the widow otherwise qualifies under the terms of this Article." Ill. Rev. Stat. 1991, ch. 108½, par. 5—165.

The primary rule of statutory construction requires that the intention of the legislature be ascertained and given effect. Courts must look first to the language of the statute, and where that language is unambiguous, the statute must be enforced as enacted without resort to other aids for construction. *County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076.

We have examined the statute in question and find it to be clear, plain and unambiguous. This statute admits of only two circumstances where a participant in the Fund is entitled to a refund of sums paid for the establishment of a widow's annuity; namely, if the police officer is unmarried when he withdraws from service and enters upon his own annuity, or when he becomes a widower while still in active service. The plaintiff in this case was married at the time he withdrew from service and entered upon his annuity and, consequently, was not entitled to a refund of his contributions under either circumstance set forth in the statute. As our supreme court held in *People ex rel. Pauling v. Misevic* (1964), 32 Ill. 2d 11, 15, 203 N.E.2d 393:

"Where the words employed in a legislative enactment are free from ambiguity or doubt, they must be given effect by the courts even though the consequences may be harsh, unjust, absurd or unwise. [Citations.] Such consequences can be avoided only by a change of the law, not by judicial construction, [citation] and, by the same token, courts are not at liberty to read exceptions into a statute the legislature did not see fit to make, [citation] or, by forced or subtle constructions, to alter the plain meaning of the words employed. [Citations.]"

We do not mean to minimize the logic of the plaintiff's argument that the statute as written permits a retention by the Fund of all the plaintiff's contributions for a widow's annuity when there is no possibility for a widow to take. However, since the language of the statute is clear and unambiguous, it must be given effect as written. The plaintiff's argument is one that ought to be addressed to the legislature.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and CAHILL, JJ., concur.