GABRIEL BUILDERS, INC., *et al.*, Plaintiffs-Appellants, v. WESTCHESTER CONDOMINIUM ASSOCIATION, Defendant-Appellee.

First District (6th Division)    No. 1—93—1462

Opinion filed December 23, 1994.

David A. Kaufman & Associates, of Skokie (David A. Kaufman, of counsel), for appellants.

Bickley, Hart & Gardner, of Schaumburg (Laurel L. Hart, of counsel), for appellee.

PRESIDING JUSTICE EGAN delivered the opinion of the court:
On July 2, 1992, the plaintiffs, real estate developers Gabriel Builders, Inc., and Suburban Remodeling, Inc., filed a complaint against the defendant, Westchester Condominium Association, for an accounting, unjust enrichment and other relief. On August 12, 1992, the defendant filed a motion to dismiss the complaint under section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619 (now 735 ILCS 5/2—619 (West 1992))). The judge granted this motion. The plaintiffs maintain that the judge misinterpreted the Condominium Property Act (Ill. Rev. Stat. 1989, ch. 30, par. 318.2 (now 765 ILCS 605/18.2 (West 1992))) (the Act).

According to the plaintiffs' complaint, the plaintiffs were

developers for the defendant from September 1988 until December 1990. During this period, the plaintiffs expended $87,857.76 on behalf of the condominiums for "common area expenses." After subtracting $35,030.56 for condominium association fees the plaintiffs had collected and $25,551.62 for assessments the plaintiffs owed, the plaintiffs claim that the defendant owes them $27,275.58. In count I of their complaint, the plaintiffs assert that they are entitled to an accounting of the funds the defendant owes them. In count II, the plaintiffs assert that the defendant has been unjustly enriched by these funds.

■ In its motion to dismiss, the defendant alleges that on February 28, 1991, the developers turned over the Westchester Condominium Association to the unit owners pursuant to section 18.2 of the Act. The defendant alleges that the plaintiffs, however, failed to timely provide it with an accounting and a list of loans and advances to the Association as section 18.2(d) requires:

"(d) Within 60 days following the election of a majority of the board of managers other than the developer, the developer shall deliver to the board of managers:

***

(2) A detailed accounting by the developer, setting forth the source and nature of receipts and expenditures in connection with the management, maintenance and operation of the property and copies of all insurance policies and a list of any loans or advances to the association which are outstanding." (Ill. Rev. Stat. 1989, ch. 30, par. 318.2(d) (now 765 ILCS 605/18.2(d) (West 1992)).)

The defendant asserts that, because the plaintiffs did not comply with section 18.2(d), they are barred from recovering the funds they allege the defendant owes them.

The record discloses that there was an earlier lawsuit concerning the developers' failure to give the Association the accounting and list of loans and advances. Before the plaintiffs filed their complaint in the case before us, the unit owners of the defendant condominium association sued Ronald Kafka to compel him to turn over these documents. (The defendant explains that the plaintiffs are "related entities with Ronald Kafka ***, the named developer of [the] Association.") On July 26, 1991, the trial judge entered summary judgment in favor of the unit owners and against Ronald Kafka. The trial judge ordered Kafka to comply with "all turnover provisions" of section 18.2. According to the Association's attorney at oral argument, the plaintiffs have continued to refuse to comply with section 18.2(d).

In granting the defendant's motion to dismiss the complaint, the judge concluded:

"The purpose of the act is to require the developer, who clearly has the upper hand in all of these transactions prior to the impanelment of the condominium board and immediately after the board is in office, to make known in an accounting all claims or any claims that the developer may have and to do so within a set amount of time.

The implicit self-placing, the thrust of that is, if you don't do it in compliance with the statute, you can't do it in the courts of Illinois. And that is what the appropriate result of this matter should be."

The sole issue on appeal is whether a developer's failure to comply with section 18.2(d) acts as a bar to the developer's suit against a condominium association for funds the association owes to the developer. We conclude that it does not.

In interpreting a statute, a court's role is to ascertain and give effect to the intent of the legislature. (*Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.* (1994), 158 Ill. 2d 76, 630 N.E.2d 820; *People v. Bole* (1993), 155 Ill. 2d 188, 613 N.E.2d 740.) To determine that intent, a court must first examine the language of the statute; this language is the best indication of the legislature's intent. (*Solich*, 158 Ill. 2d at 81.) If that language is clear and unambiguous, a court must enforce it as written and may not resort to other aids for construction. (*People v. Zaremba* (1994), 158 Ill. 2d 36, 630 N.E.2d 797; *Powers v. Retirement Board of the Policemen's Annuity & Benefit Fund* (1993), 249 Ill. App. 3d 280, 618 N.E.2d 957.) "Where an enactment is clear and unambiguous \*\*\*, a court is not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express." (*Solich*, 158 Ill. 2d at 83; see also *Haist v. Wu* (1992), 235 Ill. App. 3d 799, 813, 601 N.E.2d 927 (when a statute is clear and unambiguous, a court may not "engraft new or different provisions onto the statute").) When the legislature is silent, a court may not fill a void through judicial interpretation. *Nordine v. Illinois Power Co.* (1964), 48 Ill. App. 2d 424, 199 N.E.2d 34.

■ The language of section 18.2 is not ambiguous regarding the issue in this case; it is completely silent. Section 18.2(d) does not bar a developer's suit against a condominium association when that developer has failed to comply with section 18.2(d). Section 18.2(d) gave the defendant a cause of action against the developer which the defendant successfully pursued. There are avenues of relief available to the defendant by which it could have enforced the previous judgment against the defendant.

In effect, the defendant asks us to infer a 60-day statute of limita-

tions against the developer despite the fact that the legislature expressly referred to the statute of limitations applicable to actions brought by a condominium association. Section 18.2(f), which significantly is another part of section 18.2, states that the "statute of limitations for any actions in law or equity which the condominium association may bring" begins to run after the unit owners have elected a majority of the members of its board of managers. (Ill. Rev. Stat. 1989, ch. 30, par. 18.2(f) (now 765 ILCS 605/18.2(f) (West 1992)).) In our judgment, if so drastic a restriction on a party as a 60-day statute of limitations is to be imposed, the statute must place that party on notice in no uncertain terms.

Although we hold that the statute is not ambiguous, and, therefore, extrinsic aids of construction are unnecessary, we note that when the legislature wished to impose restrictions on a party's right to bring an action, it has done so expressly. See, *e.g.*, section 22 of the Mechanics Lien Act (Ill. Rev. Stat. 1989, ch. 82, par. 22 (now 770 ILCS 60/22 (West 1992)) (a subcontractor has no right of action against an owner or contractor unless he has furnished the owner or contractor with a written statement of the people furnishing materials)).

We can empathize with the frustrations of the defendant and the justifiable irritation of the judge, but acceptance of the defendant's argument in this case would create an unwarranted and draconian precedent in all other such cases. In short, we conclude that the legislature could not have intended what the defendant says it intended.

The judgment of the circuit court is reversed and remanded for further proceedings.

Reversed and remanded.

McNAMARA and ZWICK, JJ., concur.