Rule 23 Order filed

October 6, 1997;

Motion to publish granted

October 24, 1997.
 NO. 5-96-0800

IN THE 

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

SUPERIOR STRUCTURES COMPANY,         )  Appeal from the 

                                     )  Circuit Court of 

     Plaintiff-Appellee,             )  Williamson County.

                                     )  

v.                                   )  No. 92-L-18

                                     )

THE CITY OF SESSER, a Municipal      )  

CORPORATION,                         )  Honorable 

                                     )  William H. Wilson, 

     Defendant-Appellant.            )  Judge, presiding.  

_________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

In September 1991, Superior Structures Company entered into a contract with the City of Sesser (City) to resurface certain streets within the City in accordance with specifications set forth in the contract.  After the completion of the project, a dispute arose between the parties as to the acceptability of the work and the payment of a sum remaining due under the contract.  After Superior Structures Company (Superior) submitted a request for payment to the City, the mayor ordered compaction studies, which revealed that certain locations tested did not meet contract specifications.  Accordingly, the City never paid Superior the balance owed on the contract.  The facts relating to this dispute and other aspects of this case are reported in more detail in a previous appeal of this cause in 
Superior Structures Co. v. City of Sesser
, 277 Ill. App. 3d 653 (1996).  

On January 1, 1992, Superior filed suit against the City, seeking the sum of money owed under the contract (count I) and interest pursuant to the Local Government Prompt Payment Act (Act) (count II).  50 ILCS 505/1 
et seq.
 (West 1992).  The trial court found in Superior's favor on count I and entered judgment for sums due minus a setoff, and the court found in favor of the City on count II, denying Superior's claim for interest pursuant to the Act.  The trial court also awarded Superior prejudgment interest at the rate of 5% per annum, finding that Superior had substantially performed the contract.  Both parties appealed to this court.

In our decision in that appeal, this court reversed the award of prejudgment interest, reversed the allowance of a setoff, and reversed the trial court's denial of interest pursuant to the Act.  We found that notice of the City's disapproval of Superior's bill was not timely made under the Act and that the interest penalty was therefore applicable, and we remanded with directions to compute interest under the Act using November 6, 1991, as the date on which the City received Superior's bill.  
Superior Structures Co.
, 277 Ill. App. 3d 653.

On remand, the parties disputed the method of computing interest under the Act.  The parties agreed that interest should begin to run as of January 5, 1992, and that it should be computed on the principal balance of $181,376.87.  However, the parties disagreed about when the interest penalty should stop accruing.  Superior argued that the interest penalty should stop accruing on the date final payment is made in accordance with section 4 of the Act (50 ILCS 505/4 (West 1992)).  

The City argued that such an interpretation of the Act was unreasonable and not in accordance with the intent of the legislature.  The City argued that the legislature could not have intended that the interest penalty continue to accrue where there was a bona fide dispute over the acceptability of the products or services rendered which must be resolved by litigation.  The City argued that the interest penalty should stop accruing either when the local government files suit against the vendor or contractor or when the local government files its initial pleading in a suit brought against it by the vendor or contractor.  In the instant case, the City argues that that date was March 4, 1992.  

On November 12, 1996, the circuit court of Williamson County entered its final judgment order, finding that the interest penalty under the Act was $98,938.25, representing 54 months and 17 days of simple interest at 1% of $181,376.87 for the period of January 5, 1992, through July 22, 1996, the date of final payment.  The City of Sesser appeals.

The only issue presented in this appeal is the question of when the interest penalty under the Act stops accruing where the local government fails to timely disapprove a bill for services over which there is a dispute which must be resolved by litigation.  This issue is one of statutory construction, a question of law which we review 
de novo
.  
Branson v. Department of Revenue
, 168 Ill. 2d 247, 254 (1995).  The issue is also one of first impression, having never before been presented to an appellate court in this State.  Indeed, the only reported case under the Act is our opinion in the prior appeal of this cause.  
Superior Structures Co. v. City of Sesser
, 277 Ill. App. 3d 653 (1996). 

In interpreting a statute, a court's role is to ascertain and give effect to the intent of the legislature.  
Gabriel Builders, Inc. v. Westchester Condominium Ass'n
, 268 Ill. App. 3d 1065, 1068 (1994).  To determine that intent, a court must first examine the language of the statute; this language is the best indication of the legislature's intent.  
Gabriel Builders, Inc.
, 268 Ill. App. 3d at 1068.  If this language is clear and unambiguous, a court must enforce it as written and may not resort to other aids for construction.  
Gabriel Builders, Inc.
, 268 Ill. App. 3d at 1068.

We turn then to the plain language of the statute itself.   Section 3 of the Act (50 ILCS 505/3 (West 1992)) sets forth time limits within which bills must either be approved or disapproved by the local government.  It provides in pertinent part as follows:

"When safety or quality assurance testing of goods by the local governmental agency is necessary before the approval or disapproval of a bill and such testing cannot be completed within 30 days after receipt of the goods, approval or disapproval of the bill must be made immediately upon completion of the testing or within 60 days after receipt of the goods, whichever occurs first.  Written notice shall be mailed to the vendor or contractor immediately if a bill is disapproved."  50 ILCS 505/3 (West 1992).

Section 4 of the Act provides a penalty for the late payment of an approved bill.  It provides as follows:

"Any bill approved for payment pursuant to section 3 shall be paid within 30 days after the date of approval.  If payment is not made within such 30 day period, an interest penalty of 1% of any amount approved and unpaid shall be added for each month or fraction thereof after the expiration of such 30 day period, 
until final payment is made
." (Emphasis added.)  50 ILCS 505/4 (West 1992).

Section 5 of the Act addresses the failure to approve or disapprove of a bill and provides a penalty for late payment.  It provides as follows:

"If the local governmental official or agency whose approval is required for any bill fails to approve or disapprove that bill within the period provided for approval by Section 3, the penalty for late payment of that bill shall be computed from the date 60 days after the receipt of that bill or the date 60 days after the goods or services are received, whichever is later."  50 ILCS 505/5 (West 1992).  

In the instant case, the City failed to approve or disapprove the bill within the period provided by section 3 of the Act, and therefore, section 5 applies.  

No mention is made in section 5 as to when the interest penalty shall stop accruing.  The section mentions only when it shall commence.  The only mention in the Act of when the interest penalty shall stop accruing is in section 4, where it states that the interest penalty shall accrue "until final payment is made."  50 ILCS 505/4 (West 1992).  The Act does not mention the possibility of a dispute or litigation between the parties or the effect such a dispute or litigation might have on the accrual of the interest penalty.  The Act certainly does not explicitly state that the accrual of the interest penalty shall abate upon the involvement of the local government in litigation over a disputed bill.

Nevertheless, the City of Sesser argues on appeal that when the legislature enacted the Act, it did not intend to impose the penalty of 1% per month in cases where the government had a legitimate reason to dispute the bill submitted by the vendor or contractor.  The City argues that when a dispute cannot be resolved without litigation, imposing the interest penalty during the pendency of litigation does not advance the purpose of the statute, which is to encourage local governments to promptly process and pay bills.  Instead, the City argues, imposing interest during the pendency of litigation will only deter the local government from exercising its right of access to the judicial system.  Thus, the City concludes, it could not have been the intent of the legislature to impose the interest penalty during the pendency of litigation.  

The City proposes a "statutory scheme" whereby the accrual of the interest penalty would abate upon the government's involvement in litigation and upon the conclusion of the litigation the trial court would make a determination whether the dispute between the parties was "legitimate".  If so, the interest penalty would stop accruing as of the date of the government's involvement in the litigation.  If not, the interest penalty would continue to accrue until final payment is made.  

This scheme does not appear in the statute.  If this had been the legislature's intent, as the City argues, we cannot comprehend why it did not set forth this scheme in the statute.  We thus conclude that this was not the intent of the legislature.  

Where a statute is clear and unambiguous, a court is not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express.  
Gabriel Builders, Inc. v. Westchester Condominium Ass'n
, 268 Ill. App. 3d 1065, 1068 (1994).  When a statue is clear and unambiguous, a court may not engraft new or different provisions onto the statute.  
Haist v. Wu
, 235 Ill. App. 3d 799, 813 (1992).  When the legislature is silent, a court may not fill a void through judicial interpretation.  
Gabriel Builders, Inc.
, 268 Ill. App. 3d at 1068.  The court must construe the statute as it is and may not, under the guise of construction, supply omissions, remedy defects, annex new provisions, substitute different provisions, add exceptions, limitations, or conditions, or otherwise change the law so as to depart from the plain meaning of the language employed in the statute.  
Toys "R" Us, Inc. v. Adelman
, 215 Ill. App. 3d 561, 568 (1991).  It is not the province of the courts to inject provisions not found in a statute.  
In re Cook
, 122 Ill. App. 3d 1068, 1072 (1984).      

We find no ambiguity in the Act with respect to when the interest penalty stops accruing.  A statute is ambiguous when it is capable of reasonably being understood in two or more different senses.  
People v. Jameson
, 162 Ill. 2d 282, 288 (1994).  With respect to the question before us, the Act is susceptible to only one interpretation:  the interest penalty stops accruing upon final payment.  50 ILCS 505/4 (West 1992).  We will not engraft the City's statutory scheme onto that promulgated by the legislature. 

The City also argues that the imposition of the interest penalty during litigation is in direct conflict with the law of this State prohibiting prejudgment interest against governmental units.  Relying on 
Kozak v. Retirement Board of Firemen's Annuity & Benefit Fund of Chicago
, 128 Ill. App. 3d 678 (1984), the City argues that prejudgment interest may not be assessed against a municipality unless there has been a showing that the money owed by the municipality was wrongfully obtained or wrongfully withheld.  

The City is correct that prejudgment interest on money due and owing may not be assessed against a municipality, but this is only because the Interest Act (815 ILCS 205/0.01 
et seq.
 (West 1992)) does not authorize it.  It is well settled that interest is not recoverable absent a statute or agreement providing for it.  
City of Springfield v. Allphin
, 82 Ill. 2d 571, 576 (1980).  Because the general interest statute does not authorize the imposition of interest against a municipality, interest cannot be imposed except in the limited circumstance where a municipality has wrongfully exacted money and holds it without just right or claim.  
Allphin
, 82 Ill. 2d at 577-78.  In the instant case, the Local Government Prompt Payment Act expressly provides for an interest penalty against a unit of local government.  The City points to no law which prohibits the imposition of interest against a municipality where the legislature authorizes it, and we are aware of none.  There is no conflict between the Interest Act and the Local Government Prompt Payment Act with respect to the imposition of prejudgment interest.  

Finally, the City argues that the imposition of an interest penalty under the Act for any period of time following the entry of the original judgment constitutes double assessment of postjudgment interest against a local government at a rate far greater than that allowed by statute.  Section 2-1303 of the Code of Civil Procedure limits postjudgment interest against a unit of local government to 6% per annum from the date of judgment until the judgment is satisfied.  735 ILCS 5/2-1303 (West 1992).  The City argues that imposing the interest penalty under the Local Government Prompt Payment Act during the time after judgment, while the case is appealed, in addition to postjudgment interest under the Code of Civil Procedure, raises the postjudgment interest rate far above that intended by the legislature.  We agree.

The original judgment was entered June 9, 1994, but erroneously did not include an award of interest under the Local Government Prompt Payment Act.  Had the judgment included an award of interest under the Act as it should have, we believe that, just as in the case of an action on a contract, the right to interest under the Act would have ceased to exist and the rate of interest would have been controlled by the postjudgment interest statute (735 ILCS 5/2-1303 (West 1992)).  See 
Bank of Pawnee v. Joslin
, 166 Ill. App. 3d 927, 941 (1988).  Interest began accruing on the original judgment pursuant to the postjudgment interest statute at the rate of 6% per annum at the time of the entry of that judgment.  735 ILCS 5/2-1303 (West 1992).  Therefore, interest under the Local Government Prompt Payment Act stopped accruing at that time.  

Accordingly, we modify the trial court's judgment of November 12, 1996, to reflect interest under the Act in the amount of $52,837.82, for the period of January 5, 1992, through June 9, 1994, the date of the entry of the original judgment, being 29 months and 4 days, at the rate of 1% per month on a principal balance of $181,376.87.  The parties have agreed that allowable costs are $3,030.95.  Accordingly, we hereby enter judgment for plaintiff Superior Structures Company in the amount of $52,837.82 plus costs.

For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed as modified.

Affirmed as modified.                    

GOLDENHERSH and RARICK, JJ., concur.