NOTICE

Decision filed 10/06/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210163-U

NO. 5-21-0163

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* ESTATE OF WILLIAM A. SCHROEDER, Deceased | ) ) ) | Appeal from the Circuit Court of Jackson County. |
| (David H. Schroeder, as Independent Administrator of the Estate of William A. Schroeder, Deceased, | ) ) ) | |
| Petitioner-Appellee and Cross-Appellant, | ) ) | |
| v. | ) ) | No. 16-P-68 |
| Carrollton Bank, | ) ) | Honorable Ella L. York, |
| Respondent-Appellant and Cross-Appellee). | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: The court's order granting the petition for citation to recover release of mortgage is affirmed where the merger doctrine precludes a finding that the deceased's mortgage remained encumbered; the court's orders denying attorney fees and requiring payment of the estate's costs are vacated as contrary to law.

¶ 2    Respondent, Carrollton Bank, appeals the trial court's order granting the estate's petition for citation to recover release of mortgage. Petitioner, David H. Schroeder as independent administrator of the estate of William A. Schroeder, deceased, cross-appeals the circuit court's denial of his petition for attorney fees. For the following reasons, we affirm in part and vacate in part.

1

¶ 3                                I. BACKGROUND

¶ 4     William A. Schroeder died on August 28, 2016, leaving a pour-over will and an accompanying trust. On February 8, 2017, Carrollton Bank filed a claim against the estate in the amount of $632,961.05 stemming from two promissory notes issued to WAAL Investments, LLC, which were personally guaranteed by Schroeder. The first note (loan No. 411392) was issued on December 17, 2013, in the amount of $387,308.10. This note was secured by a mortgage on properties located at 1207, 1209, 1211, and 1213 West Schwartz Street, Carbondale, Illinois, as well as the leases and rents associated therewith. A renewal of this note was issued on October 17, 2014, in the amount of $360,000 and remained secured by the mortgage and assignment of leases and rents related to the four properties on Schwartz Street. The second note (loan No. 424730) was issued on October 22, 2014, in the amount of $375,000. This note refinanced property located at 700 S. Poplar Street, Carbondale, Illinois, on November 1, 2013, and was secured by a mortgage issued for that property as well as the leases and rents related thereto. Both promissory notes were further secured by personal guaranties executed by Schroeder.

¶ 5     On April 9, 2019, Carrollton Bank filed a two-count pleading in Jackson County case No. 19-CH-21. Count I was a foreclosure proceeding against WAAL Investments and count II was "suit on guaranties" against Schroeder's estate. On August 26, 2019, the court issued an order confirming sale, judgment of possession, and entry of deficiency judgment (Jackson County Judgment) in that proceeding. The order approved the report of sale, issued a deficiency judgment against WAAL Investments (count I) in the amount of $246,237.64, a deficiency judgment against the estate (count II) in the amount of $246,237.64, and awarded the bank possession of the properties at 1207 and 1213 Schwartz Street. The estate was also required to transfer all security deposits for the Schwartz Street properties, along with an accounting thereof, to the bank.

2

¶ 6    On January 13, 2020, the estate filed a petition for citation to recover release of mortgage related to property located in Iuka, Marion County, Illinois. The petition alleged that the two promissory notes issued by Carrollton Bank to Schroeder related to that property, specifically, loan Nos. 396644 and 411308, had zero balances and were paid off prior to Schroeder's demise. The petition also alleged that the estate sent the bank a request to release the mortgage on November 18, 2019; however, the bank refused and instead filed a foreclosure complaint on said property in Marion County, Illinois on December 17, 2019. The estate requested release of the mortgage pursuant to section 2 of the Mortgage Act (765 ILCS 905/2 (West 2020)) and statutory penalties, including attorney fees and costs, pursuant to section 4 of the Mortgage Act (*id.* § 4) because the bank failed to release the mortgage within 30 days from the date the bank received full satisfaction of the notes. Copies of the mortgage, promissory notes and printouts of the payments made to the bank for the promissory notes were attached to the petition.

¶ 7    On February 3, 2020, Carrollton Bank filed a motion to dismiss the estate's petition stating that a foreclosure proceeding related to Iuka property was pending in Marion County and the estate's petition could, and should, be filed in that proceeding. A copy of the foreclosure complaint was attached to the motion. The foreclosure complaint included a copy of the Marion County mortgage as well as a copy of the Jackson County Judgment issued in case No. 19-CH-21. The foreclosure petition's statement of default alleged that "Schroeder, as guarantor for those certain promissory notes that were at issue in the Jackson County, Illinois Case No. 2019-CH-21 and that led to the Judgment against the Estate for deficiency sums due Carrollton, failed to pay the amounts due under said judgment." The foreclosure petition alleged a principal amount due under the Jackson County Judgment as $246,237.64, with postjudgment interest in the amount of $5343.36 for a total amount due of $251,581.

¶ 8    On February 14, 2020, the estate filed a response to the bank's motion to dismiss. The pleading argued that a motion to transfer venue of the foreclosure action from Marion County to Jackson County was pending, and alternatively, even if the foreclosure action was not transferred, the court had jurisdiction to address the estate's petition.

¶ 9    On October 26, 2020, the circuit court issued an order denying Carrollton Bank's motion to dismiss the estate's petition for citation to recover release of mortgage. The order reserved ruling on the petition and directed counsel to provide further briefing "regarding whether a release of a mortgage is property that is subject to a Citation to Recover."

¶ 10    On November 13, 2020, the estate filed its brief arguing that the release was proper pursuant to section 16-1(d) of the Probate Act of 1975 (Probate Act) (755 ILCS 5/16-1(d) (West 2020)), which provided the circuit court authority to "determine all questions of title, claims of adverse title and the right of property and may enter such orders and judgment as the case requires." The response further provided additional details regarding Schroeder's personal guaranties, namely that the guaranties, along with the WAAL Investments promissory notes, for the Schwartz and Poplar Street properties were the basis of Carrollton Bank's foreclosure proceeding in Jackson County case No. 19-CH-21. The estate argued that those notes and guaranties were subsumed by the Jackson County Judgment that resulted in a $246,237.64 deficiency judgment against the estate. The estate argued that Carrollton Bank was attempting to assert a second claim on the WAAL notes and guaranties despite a final adjudication on the merits and that such claim was prohibited by *res judicata* and the merger doctrine.

¶ 11    On November 20, 2020, Carrollton Bank moved to reconsider, set aside, and vacate the order denying its motion to dismiss in which the bank argued that its foreclosure complaint should have priority over the estate's petition for citation to recover release of mortgage.

4

¶ 12    On November 25, 2020, Carrollton Bank filed its brief in opposition to the petition for citation to recover release of the mortgage arguing that a mortgage was not recoverable under section 16-1 of the Probate Act (*id.* § 16-1) because the statute referred only to "personal property, books of account, papers or evidences of debt or title to land," which were documents already in existence, as opposed to the release of mortgage, which did not exist. The bank further argued that it could not "conceal, convert, embezzle or have in its possession or control something which has never existed." The pleading also contended that the estate's other arguments were "irrelevant" and claimed it was "inconsequential whether the subject real [property] is recovered by the estate with or without Respondent's mortgage, since Respondent is entitled to have said real estate or the proceeds therefrom paid to it in partial satisfaction of its claim." No argument regarding Carrollton Bank's prior use of Schroeder's guaranties, the deficiency judgment rendered thereon in count II of case No. 19-CH-21, *res judicata*, or the merger doctrine, was provided.

¶ 13    On February 8, 2021, the circuit court issued an order denying Carrollton Bank's motion to reconsider its motion to dismiss. The estate's citation hearing was set for March 26, 2021.

¶ 14    At the citation hearing, the estate called Greg Heggemeier, a commercial lender and senior vice president of Carrollton Bank, to testify. He agreed the mortgage document at issue in the citation proceeding was the same document attached to the Marion County foreclosure proceeding. He further confirmed, after reviewing the payment history, that both promissory notes attached to that mortgage (loan Nos. 396644 and 411308) had zero balances. When asked if he was aware of any other promissory notes tied to the Marion County mortgage, Mr. Heggemeier stated, "Well, in my opinion, this note is also tied to WAAL Investments because [Schroeder] was a personal guarantor of that debt." He testified that his belief was based on language contained in paragraphs paragraph 3(B) and 3(C) of the mortgage.

¶ 15    Mr. Heggemeier reviewed the foreclosure complaint filed in case No. 19-CH-21, as well as the attachments thereto that included the mortgage for the Jackson County properties, two promissory notes naming WAAL Investments as the borrower, and Schroeder personal guaranties. Mr. Heggemeier confirmed that the two promissory notes were the same ones he testified about earlier that Schroeder personally guaranteed. He further confirmed that the Jackson County foreclosure complaint included a "suit on guarantees brought by the bank" against the estate and that Schroeder's guaranties were only for the WAAL Investments promissory notes. Mr. Heggemeier identified the Jackson County Judgment issued in 19-CH-21 and agreed it provided deficiency judgments against WAAL Investments and the estate.

¶ 16    Mr. Heggemeier testified that even if the primary loan was zero, and the lines of credit were zero, there were other obligations, such as Schroeder's personal guaranties to the bank on WAAL's indebtedness, that would be secured by the Marion County mortgage. Following Mr. Heggemeier's testimony and arguments by the parties, the court took the matter under advisement.

¶ 17    On April 8, 2021, the circuit court issued an order finding that loan No. 396644 and loan No. 411308 were paid in full prior to Schroeder's death, and therefore the underlying promissory notes for those loans were no longer secured by the Marion County mortgage. The court further found that the WAAL Investments promissory notes and Schroeder's personal guaranties related thereto were entirely merged into the Jackson County Judgment and therefore the deficiency judgment was not a debt secured by the Marion County mortgage either. Thereafter, the order granted the estate's citation, and the bank was ordered to execute and deliver a release of the mortgage pursuant to section 2 of the Mortgage Act (765 ILCS 905/2 (West 2020)). The bank was also ordered to pay $200 and reasonable attorney fees and costs pursuant to section 4 of the

6

Mortgage Act (*id.* § 4), based on its failure to release the subject mortgage within 30 days of its satisfaction. The estate was ordered to file its attorney fee petition within the next 14 days.

¶ 18    On April 15, 2021, Carrollton Bank filed a motion to stay, reconsider, and vacate the April 8, 2021, order. The bank argued that Schroeder's guarantees were secured debt as defined by the mortgage in paragraphs 3(B) and (C), the mortgage had not been extinguished, the bank had a claim against the estate which remained unpaid in excess of $290,000, and "such indebtedness unquestionably fell within the definition of 'Secured Debt' as set forth in the Mortgage."

¶ 19    On April 20, 2021, the estate filed a petition requesting $36,559.50 in attorney fees and $242.18 in costs. On April 26, 2021, the estate filed a response to Carrollton Bank's motion to reconsider alleging the motion did not allege any newly discovered evidence, change in the law, or that the court misapplied the law in contravention of section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2020)). The response further alleged the bank's pleading cited no legal authority to support its position that the deficiency judgment was a debt which was or may be secured by the subject mortgage.

¶ 20    On May 12, 2021, Carrollton Bank filed the affidavit of Greg Heggemeier in support of the motion to stay, reconsider, and vacate the April 8, 2021, order, and its objection to the estate's petition for attorney fees and costs. The affidavit stated the bank had not received full satisfaction and payment of its estate claim, initially in the amount of $632,961.05, now in the amount of $335,789.23. Pursuant to paragraphs 3(B) and (C) of the mortgage, the "unpaid balance of the Bank's Claim against the Estate" constituted "Secured Debt" and said obligation of Schroeder and the estate was "secured as if made on the date of the Mortgage." The affidavit further stated, "From the execution date of the Mortgage to the date of this Affidavit, there has at all times been 'Secured

Debt' under the Mortgage due to the debts and obligations of Schroeder and the Estate to the Bank which remain unpaid, and the Mortgage remains in full force and effect."

¶ 21    Carrollton Bank also filed an objection to the estate's attorney fee petition stating the bank never received full satisfaction and payment as required by statute. The bank further argued that the estate's requested attorney fees were "not 'reasonable' as required by 765 ILCS 905/4, and said statute contains no provision for an aggrieved party to recover costs." Finally, the bank stated the venue transfer issue was appealed and if Marion County had proper venue, then "any order or judgment by this Court as to Petitioner's Petition for Attorneys' Fees and Costs may be voidable."

¶ 22    A hearing was held on May 14, 2021. Following testimony from the estate's attorney, Adam Lawler, in support of the attorney fee petition, and arguments by the parties, the circuit court orally denied the estate's attorney fee petition. Following the hearing, the circuit court issued a written order denying Carrollton Bank's motion to stay and to reconsider and vacate the April 8, 2021, order, and a docket entry order denying the attorney fee petition. On June 3, 2021, Carrollton Bank appealed the October 26, 2020, February 8, 2021, April 8, 2021, and May 14, 2021, orders. On June 9, 2021, the estate filed a cross-appeal related to the May 14, 2021, order.

¶ 23                                    II. ANALYSIS

¶ 24    On appeal, Carrollton Bank argues that the circuit court's April 8, 2021, order granting the estate's petition for citation to recover release of mortgage, and its May 14, 2021, order denying its combined motion for stay and to reconsider or vacate the April 8, 2021, order, were in error.[1] In support, the bank contends (1) a release of mortgage, which does not exist and would have to

---

[1]Although Carrollton Bank included the October 26, 2020, order denying its motion to dismiss and the February 8, 2021, order denying its reconsideration thereof in its notice of appeal, no argument regarding either order was raised. As such, we find any issues related to those orders are forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *U.S. Bank National Ass'n v. Gagua*, 2020 IL App (1st) 190454, ¶ 66.

be created, is not property subject to a citation to recover under section 16-1 of the Probate Act; (2) the mortgage secures the debt which remains owing by Schroeder and his estate; (3) the estate's petition should have been brought in Marion County; and (4) a ruling by the trial court in the bank's favor on its citation to recover the Marion County property mooted the estate's citation.

¶ 25 We first address the bank's argument interpreting the statute. "When presented with an issue of statutory construction, a court's primary objective is to ascertain and give effect to the intent of the legislature." *Oswald v. Hamer*, 2018 IL 122203, ¶ 10. "The most reliable indicator of legislative intent is the language of the statute, which must be given its plain and ordinary meaning." *Id.* "The statute is viewed as a whole, construing words and phrases in context to other relevant statutory provisions and not in isolation." *Id.* We review issues involving statutory interpretation *de novo*. *Hooker v. Retirement Board of the Fireman's Annuity & Benefit Fund*, 2013 IL 114811, ¶ 15.

¶ 26 Here, the bank argues that a citation to release the mortgage is an improper remedy under section 16-1 of the Probate Act because a release of a mortgage is not one of the items listed therein, nor can it be, because a release of mortgage is not a document already in existence. The applicable portions of section 16-1 state:

"(a) Upon the filing of a petition therefor by the representative ***, the court shall order a citation to issue for the appearance before it of any person whom the petitioner believes (1) to have concealed, converted or embezzled or to have in his possession or control any personal property, books of account, papers or evidences of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his representative or (2) to have information or knowledge withheld by the respondent from the representative and needed by the representative for

9

the recovery of any property by suit or otherwise. The petition shall contain a request for the relief sought.

* * *

(d) The court may examine the respondent on oath whether or not the petitioner has proved the matters alleged in the petition, may hear the evidence offered by any party, may determine all questions of title, claims of adverse title and the right of property[,] and may enter such orders and judgment as the case requires." 755 ILCS 5/16-1(a), (d) (West 2020).

¶ 27 "A mortgage is an interest in land, created by a written instrument providing security in real estate to secure the payment of a debt." *Schilling v. Stahl*, 395 Ill. App. 3d 882, 888 (2009). The statute specifically refers to "personal property, books of account, papers or evidences of debt or title to lands which belonged to a person whose estate is being administered." 755 ILCS 5/16-1(a) (West 2020). The bank does not argue that said mortgage could not be classified as "papers or evidences of debt *** to lands which belonged to a person whose estate is being administered." Nor does the bank argue that the Marion County mortgage is not in the bank's possession or control.

¶ 28 Instead, the bank argues that this section of the Probate Act cannot be used to recover something that is not in existence, and a release of mortgage had not yet been created. While the bank claims this issue is one of first impression, we find such argument disingenuous. "A mortgage is a consensual lien on real property owned by another" that "secures the payment of a debt." *OneWest Bank FSB v. Cielak*, 2016 IL App (3d) 150224, ¶ 20. "An action to quiet title in property is an equitable proceeding in which a party seeks to remove a cloud on his title to the property." *Stahelin v. Forest Preserve District of Du Page County*, 376 Ill. App. 3d 765, 779 (2007). "To constitute a cloud, there must be a semblance of title that is, in fact, unfounded and casts a doubt

10

upon the validity of the record title." *Id*. Notably, a quiet title action will only be actionable when the defendant makes "an adverse claim to an interest in the plaintiff's property." *Id*.

¶ 29 Here, there is no dispute, the bank made an adverse claim to the property at issue by claiming the Marion County mortgage was not satisfied because Schroeder's guaranty for the WAAL Investments promissory notes remained valid and the Marion County mortgage provided for additional "secured debt" beyond the real property located in Marion County. While the bank claims that section 16-1 provides no requirement for the bank to provide something that does not exist, such contention is controverted by the statutory language that provides authority to the court to "determine all questions of title, claims of adverse title and the right of property and may enter such orders and judgment as the case requires." 755 ILCS 5/16-1(d) (West 2020). Once the court determines, as it did here, that an existing lien or mortgage has been satisfied or is otherwise improper, the court has the jurisdiction to issue an order requiring the release of the lien or mortgage pursuant to section 16-1(d). As such, we find no error with the court's reliance on section 16-1 of the Probate Act to issue a citation herein.

¶ 30 Carrollton Bank next contends that the circuit court's order requiring the release of the mortgage was in error. A court's determination that certain property belongs to an estate, pursuant to a citation proceeding, "will not be disturbed on appeal unless it is against the manifest weight of the evidence [citation], as the trial court in such proceedings is authorized to determine all questions of title, claims of adverse title and the right of property." *In re Estate of Joutsen*, 100 Ill. App. 3d 376, 380 (1981). " 'A judgment is against the manifest weight of the evidence when an opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary[,] or not based on the evidence.' " *In re Marriage of Archibald*, 363 Ill. App. 3d 725, 738-39 (2006) (quoting *In re Custody of K.P.L.*, 304 Ill. App. 3d 481, 488 (1999)).

11

¶ 31    Here, Carrollton Bank contends that "the balance of its claim against the estate" constitutes secured debt pursuant to paragraphs 3(B) and (C) of the Marion County mortgage. The balance of the bank's claim against the estate is the amount remaining due following the foreclosure and suit on guaranties action filed on the Schwartz Street and Poplar Street properties in Jackson County. That action was based on the WAAL promissory notes and Schroeder's personal guaranties related to those notes that were secured by the Jackson County mortgage. We find the bank's argument has little merit for two reasons.

¶ 32    First, the argument is contrary to the merger doctrine. The long-standing doctrine is best explained by our supreme court, which stated:

> " 'The general rule is, that by a judgment at law or a decree in chancery, the contract or instrument upon which the proceeding is based becomes entirely merged in the judgment. By the judgment of the court, it loses all of its vitality and ceases to bind the parties to its execution. Its force and effect are then expended, and all remaining legal liability is transferred to the judgment or decree. Once becoming merged in the judgment, no further action at law or suit in equity can be maintained on the instrument.' " *Doerr v. Schmitt*, 375 Ill. 470, 472 (1941) (quoting *Wayman v. Cochrane*, 35 Ill. 151, 154-55 (1864)).

¶ 33    Here, there is no dispute that Schroeder's personal guaranties for the WAAL Investments loans were used as the basis for relief in the Jackson County foreclosure proceeding. On appeal, Carrollton Bank provides no argument addressing the court's application of the merger doctrine or any argument as to why the doctrine would not apply here. Instead, the bank argues that paragraphs 3(B) and (C) require this court to find that the deficiency judgment obtained in the Jackson County proceeding is secured by the Marion County mortgage.

¶ 34    The applicable portion of the mortgage states:

"The term 'Secured Debt' is defined as follows:

\*\*\*

B. All future advances from Lender to Mortgagor or other future obligations of Mortgagor to Lender under any promissory note, contract, guaranty, or other evidence of debt existing now or executed after this Security Instrument whether or not this Security Instrument is specifically referenced. \*\*\* All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument. Nothing in this Security Instrument shall constitute a commitment to make additional or future loans or advances in any amount. Any such commitment must be agreed to in a separate writing.

C. All obligations Mortgagor owes to Lender, which now exist or may later arise, to the extent not prohibited by law, including, but not limited to, liabilities for overdrafts relating to any deposit account agreement between Mortgagor and Lender.

\*\*\*

This Security Instrument will not secure any other debt if Lender fails to give any required notice of the right of recission."

¶ 35    Here, even if the merger doctrine was inapplicable, the record fails to contain "the required notice of the right of recission" issued by the bank that would allow the bank to use the mortgage to secure "any future advances, or future obligations" "under any promissory note, contract, guaranty, or other evidence of debt existing now or executed after this Security Instrument." As there is no evidence that Carrollton Bank ever provided the "required notice of the right of recission," we cannot find a "secured debt" contemplated by paragraphs 3(B) and (C), attached to

13

the mortgage. Accordingly, we affirm the circuit court's order requiring Carrollton Bank to release the Marion County mortgage.

¶ 36 Carrollton Bank's next argument relates to the venue issue previously addressed by this court in a different case. See *Carrollton Bank v. Schroeder*, 2022 IL App (5th) 200235-U. In the case at bar, the bank argues that if venue is deemed proper in Marion County, this order may be voidable. We note, however, that this court affirmed the transfer of venue to Jackson County (*id*.), and therefore the bank's argument is moot. We further note, the bank failed to provide argument or authority to explain how a potentially voidable order affects the issues in this appeal. As such, the venue issue need not be addressed.

¶ 37 Finally, Carrollton Bank presents argument related to its citation to recover assets and the May 14, 2021, hearing related thereto. The argument concedes that the "trial court has not yet ruled on" said pleading. As no order, say nothing of a final order, was issued by the circuit court prior to this appeal, any argument related to that issue is premature and we have no jurisdiction to address said issue. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 38 For these reasons, we affirm the circuit court's order granting the estate's petition and requiring Carrollton Bank to release the Marion County mortgage.

¶ 39                                    B. The Estate's Attorney Fee Petition

¶ 40 The estate's cross-appeal stems from the circuit court's order denying the estate's petition for attorney fees and costs and argues that the circuit court's orders are inconsistent with the statutory language. Typically, the denial of a petition for attorney fees is reviewed for an abuse of discretion. *Peleton, Inc. v. McGivern's Inc*., 375 Ill. App. 3d 222, 225 (2007). However, when the issue involves statutory construction, our review is *de novo*. *In re Marriage of Nash*, 2012 IL App

14

(1st) 113724, ¶ 15. The estate's cross-appeal is based on the statutory language found in portions of the Mortgage Act. 765 ILCS 905/0.01 *et seq.* (West 2020). As such, our review is *de novo.*

¶ 41 When construing a statute, the primary task of the court is to ascertain and effectuate the legislature's intent. *People v. Pullen*, 192 Ill. 2d 36, 42 (2000). Any inquiry into the legislative intent begins with the statutory language, "which is the surest and most reliable indicator of legislative intent." *Id.* "The court must construe the statute as it is and may not, under the guise of construction, supply omissions, remedy defects, annex new provisions, substitute different provisions, add exceptions, limitations, or conditions, or otherwise change the law so as to depart from the plain meaning of the language employed in the statute." *Superior Structures Co. v. City of Sesser*, 292 Ill. App. 3d 848, 852 (1997). If the statutory language is clear, its plain and ordinary meaning is given effect without resorting to other aids of construction. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 173 (1998).

¶ 42 Section 2 of the Mortgage Act requires:

"Every mortgagee of real property ***, having received full satisfaction and payment of all such sum or sums of money as are really due to him or her from the mortgagor, *** shall, at the request of the mortgagor, *** make, execute and deliver to the mortgagor *** an instrument in writing executed in conformity with the provisions of this Section releasing such mortgage ***, which release shall be entitled to be recorded or registered and the recorder or registrar upon receipt of such a release and the payment of the recording fee therefor shall record or register the same." 765 ILCS 905/2 (West 2020).

¶ 43 Section 4 of the Mortgage Act states:

"If any mortgagee *** of real property *** knowing the same to be paid, shall not, within 30 days after the payment of the debt secured by such mortgage *** comply with the

15

requirements of Section 2 of this Act, he or she shall, for every such offense, be liable for and pay to the party aggrieved the sum of $200 which may be recovered by the party aggrieved in a civil action, together with reasonable attorney's fees. In any action, introduction of a loan payment book or receipt which indicates that the obligation has been paid shall be sufficient evidence to raise a presumption that the obligation has been paid. Upon a finding for the party aggrieved, the court shall order the mortgagee *** to make, execute and deliver the release as provided in Section 2 of this Act. ***" *Id.* § 4.

¶ 44 Here, the court's April 8, 2021, order granting the petition for citation to recover release of the mortgage awarded $200 to petitioner pursuant to section 4 of the Mortgage Act and further ordered Carrollton Bank to pay the estate's reasonable attorney fees and costs pursuant to the same statute. Following the May 14, 2021, hearing, the circuit court denied the estate's attorney fee petition, but never vacated any portion of the April 8, 2021, order. As such, we agree that the court's orders conflict with the statutory language in section 4, which provides for both a statutory penalty and attorney fees. *Id.*

¶ 45 The circuit court provided no explanation for the denial, and therefore, we only consider the three arguments posited by Carrollton Bank on this issue. First, the bank claimed the WAAL guaranties were incorporated into the subject mortgage and, therefore, the obligations under the subject mortgage were not satisfied. This argument was soundly rejected by the circuit court, as well as this court as noted above. The bank also claimed it did not know the obligation was satisfied, again relying on paragraph 3 of the mortgage addressing types of "secured debt" that would allegedly link Schroeder's guaranties to the subject mortgage. However, the bank ignores the last sentence in paragraph 3 that stated, "This Security Instrument will not secure any other debt if Lender fails to give any required notice of the right of rescission." As Carrollton Bank never

16

presented any evidence showing that condition precedent, *i.e.*, the required notice of the right of rescission," was met thereby allowing the mortgage to secure Schroeder's guaranties, its claim of a lack of knowledge regarding full payment is suspect at best, and without merit, at worst.

¶ 46    Second, Carrollton Bank claimed that the estate's attorney fees were not reasonable. However, no challenge or argument regarding any specific entry was ever presented, either in writing or during Mr. Lawler's testimony regarding his firm's petition for attorney fees. As the bank had sufficient opportunity to raise specific objections, but failed to do so, any argument contesting the reasonableness of the attorney fee petition entries is forfeited. See *In re Guardianship of H.D.*, 2021 IL App (4th) 200434-U, ¶ 40 (finding challenge to attorney fees forfeited where no specific objections were raised for the attorney fees listed and "ample opportunity to contest the reasonableness" was provided but party "failed to do so" (citing *In re Application of Cook County Collector*, 144 Ill. App. 3d 604, 611 (1986))).

¶ 47    Finally, Carrollton Bank argued that section 4 of the Mortgage Act does not provide for an award of costs. While the estate claims an award of costs is proper pursuant to section 16-1 of the Probate Act (755 ILCS 5/16-1 (West 2020)), its pleading requesting attorney fees and costs was not brought thereunder. As such, any award for costs pursuant to section 4 of the Mortgage Act has no basis.

¶ 48    For these reasons, we vacate that portion of the circuit court's April 8, 2021, order directing Carrollton Bank to pay the estate's costs. We also vacate the circuit court's May 14, 2021, order denying the estate's petition for attorney fees and remand the matter back to the circuit court to grant the estate's petition for attorney fees pursuant to section 4 of the Mortgage Act.

17

¶ 49                                    III. CONCLUSION

¶ 50    For the foregoing reasons, we affirm the circuit court's April 8, 2021, order granting the estate's petition for citation to recover release of mortgage, directing Carrollton Bank to pay the $200 statutory fee and the estate's attorney fees, but vacate that portion directing the bank to pay the estate's costs. We also vacate the circuit court's May 14, 2021, order denying the estate's petition for attorney fees and remand this matter back to the circuit court to award the attorney fee amount requested therein.


¶ 51    Affirmed in part and vacated in part; cause remanded.